KRUSE, Appellant, v. KRUSE, Respondent.

1. The complainant in an action for divorce must be a resident of this state, otherwise the petition may be properly dismissed.

*Appeal from St. Louis Circuit Court.*

This was an action for a divorce brought by the wife against the husband for wilful desertion and absence without reasonable cause for two years. The plaintiff proved, as appeared from the bill of exceptions, "that she was married to the defendant, in the county of St. Louis, on the 15th day of October, 1852; that, after living together a few months in said county, the defendant left the plaintiff, without any cause therefor being made to appear, and went to California, and has since done nothing for her support or maintenance, nor had he since been heard from, except as one of the witnesses stated he had heard in 1855 that he had returned to this state, but that he had not seen him; that on being thus left the plaintiff took up her residence with her father, who has since supported her; that after having thus lived with her father some fifteen or sixteen months, she with her father removed to Kentucky, where she has ever since resided with her father."

Upon the foregoing facts the court dismissed the petition on the ground, 1st, that the plaintiff had not resided in the state of Missouri for one whole year next before the filing of

her petition; 2d, that she had ceased to reside in this state before the alleged desertion had existed for the space of two years.

*Krum & Harding*, for appellant.

I. The appellant did not lose her residence in this state by going with her father to Kentucky. No intention to abandon her residence can be inferred from the evidence. (5 Yerg. 203.)

II. Even if she had lost her residence here, the fourth section of the act of 1845, concerning divorce and alimony, (R. C. 1845, p. 427,) gave her the right to sue, because the "offence complained of was committed within this state." Under this point the appellant contends, 1st, that desertion is a complete act at the instant when the husband or wife first leaves the deserted party with the intention to abandon and not return to him or her; 2d, that the period of two years, named in the statute, is not fixed as determining what desertion is, but is simply a prohibition to the injured party to sue until the desertion has continued during that time; 3d, that the manifest reason for requiring the delay is to afford the guilty party a *locus penitentiæ*, and to prevent action by the injured party until all reasonable probability of condonation has passed; 4th, in this particular case more than three years had elapsed between the time of desertion and the time of the filing of the plaintiff's petition; 5th, the statute does not require that the injured party should reside here during the term of two years referred to, in order to make his or her cause of action complete; 6th, the offence or injury was committed in this state, if at all.

SCOTT, Judge, delivered the opinion of the court.

This was a petition for a divorce instituted in the St. Louis Circuit Court on account of desertion and absence. Although the plaintiff may have been married in this state, yet that circumstance of itself does not entitle her to sue in our courts for a divorce. It appears from the evidence in the cause that

the plaintiff was a non-resident of this state when she insti-
tuted this suit, and that she continued so up to the time of
the trial of the cause. The second section of the act con-
cerning divorce and alimony, (R. C. 1845,) under which this
proceeding was begun, clearly shows that the plaintiff must
be a resident of this state. Judge Ryland concurring, the
judgment will be affirmed; Judge Leonard absent.