NED WINKLER v. MARY AGNES WINKLER,
Plaintiff in Error.

Division One, December 22, 1917.

1. **JURISDICTION: Divorce: Non-residence of Plaintiff: Motion to Set Aside Decree: Presumption.** A plaintiff in a divorce suit must be a resident of this State in order to be entitled to sue in the courts of this State; and it will be presumed, upon the hearing of a motion to set aside a decree, filed by defendant during the same term the decree was rendered, that sufficient evidence was introduced by plaintiff to show he was a resident of this State, since the court is one of general jurisdiction, proceeding according to the course of the common law, and all the evidence and proceedings therein were still in the breast of the court when the motion to set aside was ruled.

2. ————: ————: ————: ————: **Burden: Substantial Evidence.** The burden is on defendant, who has filed a motion to set aside

a decree granting to plaintiff a divorce, to show that plaintiff at the time the decree was rendered was not a resident of this State; and the question being one of fact, a finding by the court that plaintiff was a resident is conclusive upon defendant upon a writ of error, unless the evidence fails to justify such finding.

3. **DIVORCE: Timely Writ of Error: Within Sixty Days.** Neither the Supreme Court nor the Court of Appeals, in view of Section 2380, Revised Statutes 1909, can entertain a writ of error sued out of the one or the other to have reviewed the order of judgment of a circuit court overruling a motion to set aside a decree of divorce, filed during the term at which the decree was rendered, unless said writ has been issued within sixty days after the order was made or judgment was rendered. So that where a decree of divorce was rendered, upon constructive notice and default, in favor of plaintiff, and during the term defendant filed her motion to set aside the decree, charging that plaintiff was not a resident of this State, which was by the court overruled at a succeeding term, from which order defendant took an appeal to the Court of Appeals and which she later dismissed, a writ of error sued out of said court eight or nine months after her motion had been overruled and twenty months after the decree had been rendered, gave to said court no jurisdiction to reverse, amend or modify the order or judgment. And this ruling is not contrary to Dorrance v. Dorrance, 242 Mo. 625, deciding that an independent and direct suit in equity will lie to set aside and nullify a decree of divorce obtained by fraud, nor was Section 2380 held in that case to be unconstitutional.

Error to Andrew Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

Affirmed.

*Booher & Williams* for plaintiff in error.

(1) The court had no jurisdiction to render the original decree in favor of plaintiff, he being a resident of Illinois. Kruse v. Kruse, 25 Mo. 68; Dorrance v. Dorrance, 242 Mo. 625; Hamil v. Talbott, 81 Mo. App. 216. Physical residence in a particular place will not of itself constitute domicle without the mental determination of making the place a home. Shirk v. Shirk, 75 Mo. App. 574. (2) Nothing short of an actual residence in the State where the suit is brought with the intention of

establishing a perminent residence will give jurisdiction. 14 Cyc. 586; Commonwealth v. Kendal, 38 N. E. 504; Andrews v. Andrews, 188 N. E. 14; Breeman v. Kitzman, 99 N. W. 171. (3) It is the fact of residence for one whole year next before the filing of petition that gives jurisdiction. Where neither party is in fact a resident of this State in good faith the court has no jurisdiction. Bell v. Bell, 181 N. S. 175; Streitwolf v. Streitwolf, 181 N. S. 179. (4) The trial court must have understood that Sec. 2381, R. S. 1909, prevented the granting of a new trial, but no petition for review was necessary, as this motion to set aside the decree was made during the same term, and the court had full control during that term. Woodward v. Woodward, 84 Mo. App. 328. It was conceded in Dorrance v. Dorrance, 242 Mo. 625, by respondent, that the questions could have been raised by motion during same term. (5) The petition did not state that the defendant was a non-resident of this State. The affidavit was "fatally defective because it failed to state in what court the case was pending, where the defendant should appear or the time when the defendant should appear and defend the cause," or the "object and general nature of the petition." Kunzi v. Hickman, 243 Mo. 116.

*Hine & Cross* for defendant in error.

(1) Since the decision in Dorrance v. Dorrance, 242 Mo. 648, a defendant that was served by publication can file a motion to set aside a decree obtained by fraud or a motion to review said decree. Said decision holds that under Section 2380 the defendant can appeal or sue out a writ of error to have the ruling on the motion to set aside reviewed, but said section also requires that the appeal be taken or the writ of error be issued within sixty days after the order was made or the judgment was rendered. In this case defendant filed her application for an appeal to the Kansas City Court of Appeals, in which court the case was docketed and set for hearing at the October term, 1913. She

prepared briefs and dismissed her appeal on the day it was set for hearing, and on the same day applied for a writ of error. Since that was more than sixty days after the order was made, her writ was not issued in time, and this court cannot review the rulings of the trial court. (2) The testimony is clear, substantial and strong that plaintiff's residence was in Missouri from December, 1910, until his action for divorce was brought, that he was a resident of Andrew County where it was brought, that he requested defendant to come with him from Chicago to Missouri for the purpose of making her home with him and that she absolutely refused. (3) The trial court heard and saw the witnesses and found as a fact that plaintiff was a bonafide resident of Missouri, and that the divorce was legally and regularily granted.

WOODSON, J.—This is a branch of a case to be presently mentioned, originated in the circuit court of Andrew County by the plaintiff in error, by the filing of a motion to set aside and vacate a decree of divorce rendered in that court, wherein Ned Winkler, the defendant in error, was plaintiff, and Mary Agnes Winkler, the plaintiff in error, was the defendant. The trial court, after hearing the evidence, overruled the motion, and the latter appealed the cause to the Kansas City Court of Appeals; but subsequently thereto she dismissed the appeal and within one year after the rendition of the judgment, but more than sixty days thereafter, sued out of that court a writ of error. When the cause again reached the Court of Appeals, and after argument and submission, the court wrote an opinion stating that a constitutional question was involved, and certified it here under the mandate of the Constitution.

Many of the facts of the case are undisputed, which I will here state:

The plaintiff and defendant in error were married June 26, 1900, in Buffalo, New York; after residing there for some time they moved to Kansas City Missouri, where they lived for four or five years, during

which time the defendant in error was in the employ of P. C. Thompson Company, a manufacturing concern in one of the Eastern States. For three or four years before their separation they lived in Chicago, Illinois, he being the Western sales manager for the concern before mentioned, with headquarters in Chicago, where he had charge of an office in which a clerical force was employed, and from which the Western business required him to make frequent and at times prolonged trips into the States of Illinois, Wisconsin, Kentucky, Iowa, Missouri, Oklahoma, Kansas, Nebraska and both Dakotas.

On September 8, 1911, he instituted a suit for divorce against his wife, Mary Agnes Winkler, in the circuit court of Cook County, Illinois, in which he alleged that he was an actual resident of Cook County. She was personally served with summons, but later the suit was dismissed by him. On December 19, 1911, he brought the divorce suit out of which this proceeding arose, in the circuit court of Andrew County, Missouri, and had the defendant therein, the plaintiff in error here, served by publication in a weekly newspaper published in the town of Bolckow, in said Andrew County, but she had no actual notice of the suit until after a judgment for divorce by default had been rendered against her. The judgment was rendered February 24, 1912. Shortly after the divorce was granted the plaintiff there remarried, and of that union a little girl has been born.

The February term of the Andrew County Circuit Court was adjourned until April 20, 1912, and on April 8, 1912, during the vacation of said February term of said court, the term at which said judgment had been rendered, the defendant there filed her motion to set aside the judgment for the reasons stated in the motion, which are as follows:

"First. Because this court had no jurisdiction to hear and try said cause.

"Second. Because the plaintiff herein practiced a fraud upon the court in alleging in his petition that

this court had jurisdiction in said cause, in this, the plaintiff alleged in his said petition and under oath testified that he was a resident of Andrew County, and had resided in the State of Missouri for one whole year prior to the filing of his petition herein, when as a matter of fact, plaintiff, was at the time of the filing of the petition herein and for more than four years prior thereto and since said time, a resident of the city of Chicago, in the State of Illinois.

"Third. That each and all of the allegations in plaintiff's said petition contained are false, except the allegation of marriage. That it is not true as alleged in said petition that this defendant had disregarded her duties as the wife of plaintiff and had offered plaintiff such indignities as to render his condition in life intolerable; that she had not called plaintiff vile names; that she did not fly into a rage and threaten to do herself bodily harm and take her life; that she did not threaten the life of this plaintiff; that she did not throw various household articles at him; that she did not strike him over the head with a knife nor strike him terrific blows in the mouth with her fists; that she did not tell him and accuse him of keeping other women; that she did not refuse to go to the State of Wisconsin to live with plaintiff, nor refuse to come to the State of Missouri to live with plaintiff; that she did not use vile language to plaintiff's relatives, nor in the presence of their neighbors and friends.

"Fourth. That on the 18th day of September, 1911, plaintiff filed a petition for divorce in the circuit court of Cook County, State of Illinois, directed to the October term, 1911, thereof, in which said petition this plaintiff under oath alleged and charged that at that time he was an actual resident of said Cook County, Illinois, and had been a resident of that State for one year prior to that date.

"Fifth. That this defendant had no knowledge of the filing of the petition herein in this court. That in order to keep defendant from learning or knowing that this suit had been instituted this plain-

tiff caused the order of publication to be published in an obscure newspaper published at the town of Bolckow; that this plaintiff knew at all times the place of residence of this defendant and concealed from her the fact that he had instituted this suit against her.

"That defendant first learned of the judgment and decree entered herein on the —— day of March, 1912."

This motion was continued until the November term, 1912, of said court, when it was overruled. The record then shows the taking of the appeal from the order overruling the motion, the dismissal of the same, the suing out of the writ of error, and the certification of the cause to this court as before stated.

The plaintiff in error introduced evidence tending to prove that she and the defendant in error at the time he brought the suit in the Andrew County Circuit Court for divorce were residents of Chicago, Illinois, and have been ever since; that they lived together and cohabited as man and wife until shortly prior to the granting of the divorce, and that plaintiff in the divorce suit was not a resident of Missouri at the time of its institution, nor on the date of the trial thereof.

The defendant in error introduced evidence which tended to prove the following additional facts:

"That for about a year before the defendant in error separated from his wife, plaintiff in error was very abusive and threatened his life on divers occasions; that on the 12th day of October, 1910, defendant in error received from his employer a letter directing him to change his residence to some point in Western Missouri, and considered St. Joseph, Missouri, the most practical point; that after receiving said letter, defendant in error talked with his wife and requested her to move to Missouri with him; that she refused to do so; that within a short time thereafter, as soon as defendant in error could arrange matters in Chicago, he left Chicago and came by way of St. Louis, Missouri, to St. Joseph, and took up his residence at the St. Charles Hotel, and lived there until

the first of January, 1911; at that time he changed his home from the St. Charles Hotel in the city of St. Joseph and took up his residence at 419 Isadore Street, where he rented rooms from Mrs. Mattie Swinson, who had at that time three or four rooms in her home which she rented out.

Defendant in error lived at 419 Isadore Street, St. Joseph, Missouri, until about the first of December, 1911, at which time he changed his residence from St. Joseph to Savannah, Andrew County, Missouri; that he made several trips to Chicago during the latter part of the year 1910 and early part of 1911; that defendant in error, desiring to procure a divorce, employed a firm of attorneys in Chicago to institute proceedings for divorce, and at that time defendant in error was of the opinion that he had to file his suit for divorce in Chicago because his wife was living in the city of Chicago; that the said petition and affidavit was prepared by the firm of attorneys and was signed by the defendant in error without having any knowledge of its contents, simply making the affidavit as a matter of form, and said affidavit was acknowledged on the 8th day of September, 1911, and filed in the circuit court of Cook County on the 18th day of September, 1911; that on or about the first of December, 1911, defendant in error learned that he could not procure a divorce in the State of Illinois because he was a resident of Missouri, and upon learning that fact he immediately dismissed his suit in the circuit court of Cook County, Illinois, and on the 19th day of December, 1911, instituted a suit in the circuit court of Andrew County, Missouri, praying for a decree of divorce from the plaintiff in error.

That the defendant in error was a resident of Andrew County, Missouri, at the time of the institution of the divorce suit, and had been a resident of the State of Missouri for several years prior thereto, and was such at the date of the trial; that he and the plaintiff in error did not live and cohabit together as man and wife for several years prior to the institution of the divorce suit.

Before closing this statement of the case, the following regarding the state of the record is necessary:

Counsel for defendant in error complains that the record does not contain the evidence introduced by him at the trial of the divorce case, and for that reason it is incomplete and that this court has not before it all of the. evidence that was before the trial court at the time it passed upon the motion to vacate the decree; while upon the other hand, if we correctly understand, counsel for plaintiff in error insist that none of that evidence was before the trial court at the time it passed upon said motion to vacate the decree, and was therefore properly omitted from the bill of exceptions.

It should be borne in mind that the motion to set aside and vacate the decree of divorce having been filed during the same term of the court at which it was rendered preserved in the breast of the court all the proceedings which theretofore had been taken in the case and carried them over to the term at which the motion was disposed of, which of course included the evidence introduced at the trial of the divorce case.

I. It is first insisted by counsel for plaintiff in error that the decree of divorce rendered by the circuit court of Andrew County in the case of Ned Winkler, the defendant in error, against Mary Agnes Winkler, the plaintiff in Jurisdiction. error, is null and void, because that court, under the facts disclosed by this record, acquired no jurisdiction over him, he being at the time a resident of the State of Illinois, and cite in support thereof Kruse v. Kruse, 25 Mo. 68, and Dorrance v. Dorrance, 242 Mo. 625.

While it is true, as those cases hold, that the plaintiff in a divorce proceeding must be a resident of this State before he or she is entitled to sue in the courts of this State, yet it does not necessarily follow therefrom that said decree must be set aside, for the reason that the record shows that the motion to set aside the decree was filed during the same term of the court at which it was rendered, while the evidence and all the proceedings had therein were still in the breast of the court, and that being a court of

general jurisdiction proceeding according to the course of the common law, we must indulge in the presumption that the court would not have rendered the decree for divorce had not the evidence introduced shown that plaintiff therein was a resident of this State, as the law requires.

Moreover, the burden of showing that the plaintiff in that suit was a nonresident of this State, as charged in the motion to vacate, rested upon the defendant therein, which she undertook to do; but fortunately for her in this proceeding, the plaintiff in that case introduced evidence in opposition to the motion and tending to show that he was a resident of this State at the time of bringing the suit and had been for several years prior thereto. So under the evidence introduced by the respective parties a question of fact was presented for the court to determine, which it did in favor of the defendant in error. That finding is conclusive upon the plaintiff in error, unless the evidence preserved in this record convinces us that the trial court erroneously decided that question. After carefully reading the record, which is quite lengthy, covering about one hundred and fifty pages, we are perfectly satisfied that the evidence fully warranted the finding of the court as to the residence of the plaintiff, and we do not, therefore, feel justified to disturb that finding.

We, therefore, decide this insistence against the plaintiff in error.

The ruling just announced would justify an affirmance of the judgment of the circuit court, but for an equally good reason we will in the next paragraph of this opinion indicate why the judgment should be affirmed, upon another ground.

II. Counsel for defendant in error contend that the motion to set aside and vacate the decree in the divorce case was properly overruled for the reason

Timely Writ of Error. that the writ of error in this branch of the case was not issued within sixty days after the rendition of the decree in the divorce suit,

or the overruling of the motion to set aside the decree, as provided for by Section 2380, Revised Statutes 1909, which reads as follows:

"No final judgment or order rendered in cases arising under this article shall be reversed, amended or modified in the supreme or any other court, by appeal or writ of error, unless such appeal shall have been granted during the term of court at which said judgment or order appealed from was rendered, or unless such writ of error shall have been issued within sixty days after the order was made or judgment rendered."

The language of this statute is plain and unambiguous; it provides that neither the Supreme Court nor the Court of Appeals shall revise, amend or modify any final judgment arising under this article (relating to divorces) on appeal or writ of error, unless the appeal is taken during the term of the court at which the judgment was rendered, or unless the writ of error is issued within sixty days after the judgment was rendered.

While the record in this case shows that the defendant in the divorce case took her appeal within the time prescribed by the statute, yet she dismissed that appeal before the Court of Appeals decided the case, and then sued out this writ of error, which was some twenty months after the rendition of the decree in the divorce suit, and eight or nine months after the motion to set aside and vacate that decree had been overruled.

Clearly the plaintiff in error has complied with neither the letter nor the spirit of that statute, nor do her counsel, as I understand them, contend that she has done so, but insist that the case of Dorrance v. Dorrance, 242 Mo. 625, holds that said statute is unconstitutional. If that is the contention of counsel, then they are in error as to the holding in that case. The question there was not as to the validity of that statute, but the question was, would an independent and direct proceeding in equity lie to set aside and nullify the decree of divorce alleged to have been obtained by fraud, etc., after the expiration of the time fixed by the statute for taking

the appeal or suing out the writ of error therein mentioned. In other words, was the procedure provided for by that statute exclusive?

The majority opinion held that an independent proceeding in equity would lie in such a case, without resorting to an appeal or writ of error within the time provided for in said statute, while the minority opinion held that the exclusive remedy for the party who felt himself aggrieved by the decree of the trial court was by an appeal taken or writ of error sued out within the time prescribed by said statute. But conceding the majority opinion correctly declares the law as to the right of the aggrieved party to resort to an independent bill in equity in such cases, which 1 do because the majority so says, still that case has nothing to do with the case at bar; this is not an independent action in equity, but is a proceeding by motion filed in the original divorce case, to set aside the decree rendered therein, which was overruled by the trial court and thereafter the mover, the defendant there, first sought to remedy her conceived grievance by appealing from the decree and order overruling her motion to vacate, to the Kansas City Court of Appeals, and subsequently dismissed the appeal and sued out *this* writ of error; and this being a proceeding to set aside a final decree in a divorce case falls fully within the provisions of the statute before quoted, which must control in this case.

While it is true there is quite a lengthy discourse upon the question of due process of law within the meaning of the State and Federal constitutions, yet I was then and am now entirely unable to see or understand in what manner that question affected that case; certainly it has nothing to do with this case. According to the statute the plaintiff had one of two ways to have the action of the trial court reviewed, namely, by appeal or writ of error, and according to the Dorrance case she had a third, a bill in equity; but having elected to proceed under the statute allowing an appeal or writ of error, and having brought her case here by the latter

means, she was bound by the provisions of said Section 2380, limiting the exercise of that right to a period of sixty days from and after the rendition of the judgment. This court has so frequently held that an appeal must be taken or a writ of error sued out within the time prescribed by statute, it would be more than useless to cite cases in support thereof.

The plaintiff in error, having elected to proceed by writ of error, is necessarily bound by the statute just mentioned, which prescribes that the writ must be issued within sixty days after the rendition of the judgment, which confessedly in this case was not done.

III. While there are a number of constitutional questions properly presented by this record, yet the view we have taken of the case renders it unnecessary for us to pass upon them.

For the reasons stated the judgment of the circuit court is affirmed. All concur, except *Bond, P. J.*, absent.