[Civil No. 3108.   Filed March 15, 1932.]

[8 Pac. (2d) 1081.]

FRED WYNN, Appellant, v. RUTH WYNN, Appellee.

Mr. W. E. Ferguson, for Appellant.

Mr. Dodd L. Greer, for Appellee.

ROSS, J.—From a judgment granting Ruth Wynn a divorce, the custody of their minor child, and an allowance of $50 per month for its and her support, her husband, Fred Wynn, has appealed. His main contention here is that plaintiff failed to prove that she had resided in Arizona and Apache county the required statutory length of time before filing her complaint; in other words, that the court did not have or acquire jurisdiction of the subject matter.

The complaint contains the essentials of a good cause of action for a divorce. It alleges the plaintiff's residence in the county and state for the required statutory length of time, and that such residence was *bona fide*. It alleges a series of acts of cruelty culminating on June 14, 1930, in plaintiff's leaving defendant, because her life and health were endangered, and going to live with her parents. The court found, after hearing both parties and their witnesses testify, that "the allegations of the plaintiff's complaint are true." This, of course, was a finding that the plaintiff on December 1, 1930, the day she filed her complaint, was and had been an actual *bona fide* resident of the state for one year and of the county of Apache for six months, the length and kind of residence fixed by the statute as necessary before filing complaint. Section 2180, Rev. Code 1928.

We have examined the evidence, and on that issue there seems to be but little, if any, dispute. The plaintiff and defendant moved from Gallup, New Mexico, to Ft. Defiance, Apache county, Arizona, some time in April 1929 and lived there until about June 14, 1930, when they broke up housekeeping, the defendant going to Hot Springs, New Mexico, to look for work,

and the wife to live with her parents, just across the Arizona line at Zuni, New Mexico. At that time they shipped their furniture to Gallup and stored it there. The question is, Where was the plaintiff's residence from June 14, 1930? In her complaint she alleges "this plaintiff left the defendant and since the 15th day of June, 1930, has been living with her parents and separate and apart from defendant." On July 11, 1930, plaintiff wrote, from Zuni, New Mexico, to the defendant: "You need not make any plans for me as Mama and Papa need me here and I expect to stay with them." Plaintiff in her direct testimony apparently claimed that her residence continued at Ft. Defiance even after she and the defendant had moved and shipped their furniture to Gallup. In answer to the question as to the length of time she had resided in Arizona before December 1, 1930, she answered: "I have been there over a year." And to the question, "And where were you living?" she answered, "Fort Defiance."

Plaintiff never returned to Ft. Defiance, but lived most of the time with her father and mother in New Mexico; visited some with a sister living at Houck, Apache county, Arizona, and also with another sister living in said county, with whom she had left her two children, the issue of a former marriage. It is true she said she never intended to establish a home in New Mexico because there were no schools there, but it is also true that there is no evidence that she had established a home in Apache county, Arizona, after the home was broken up at Ft. Defiance on June 14, 1930. It appears she obtained some of the family furniture from Gallup, where it had been stored, and moved it to her parents' home at Zuni, and not to any place in Arizona.

Under the statute, it is absolutely essential before a person may lawfully file a complaint for a divorce

that he shall have been an actual *bona fide* resident of the state for one year and of the county six months. There being no evidence in the record to support the court's finding that the plaintiff in this case was such actual *bona fide* resident of the state and county of Apache, the judgment will have to be reversed and the cause remanded, with directions to dismiss the complaint. It is so ordered.

McALISTER, C. J., and LOCKWOOD, J., concur.