dered the only judgment that could have properly been rendered on the facts, which, as before recited in the statement thereof given, were undisputed; except, of course, as to the rival claims over the possession and occupancy, which were submitted to the jury's arbitrament in the stated issues of fact.

In this situation it is, on the issuable facts so submitted in the inquiries to the jury, only necessary, under appellant's stated assignment, to determine whether or not the evidence was sufficient to support the jury's finding in appellee's favor on the limitation question.

After a review of the statement of facts, this court is unable to agree with appellant's copied attack upon the jury's finding in appellee's favor, concluding that not only did the testimony fully support it, but that, under the law in Texas, such a finding sufficiently established title to the land in the appellee, pursuant to invoked Article 5510, a number of the supporting cases being these: Eylar v. Eylar, 60 Tex. 315, 316; Mandelbaum v. Looney Merc. Co., Tex.Civ.App., 29 S.W. 203; McAllen v. Alonzo, 46 Tex.Civ.App. 449, 102 S.W. 475; Lott v. Dashiell, Tex.Civ.App., 233 S.W. 1103, 1109; Primitive Baptist Church v. Fla-Tex. Corporation, Tex.Civ.App., 158 S.W.2d 549; Smith v. Minor, Tex.Civ. App., 50 S.W.2d 405; Ross v. Houston Oil Fields Ass'n, Tex.Civ.App., 88 S.W.2d 586; Moore v. McCown, Tex.Civ.App., 20 S.W. 1112.

The appellee's record title under his quoted counter-point No. 1, supra, is also thought to have been so properly upheld and approved, in effect, by the trial court's judgment.

To say the least of that phase of the case, it is thought that the facts already stated jusified the legitimate inference as a matter of fact, if indeed it did not give rise to a presumption of law, that whatever conveyance was obtained from Isom Graham by G. D. Ellington and J. R. McElroy inured to the benefit of appellee's predecessor in title, James Grubbs, 2 Tex.Jur., page 22; Ellett v. Mitcham, Tex.Civ.App., 145 S.W.2d 917; Duke v. Houston Oil Co., Tex. Civ.App., 128 S.W.2d 480.

Further discussion is deemed unnecessary, as these conclusions determine the merits of the appeal. The judgment of the trial court is affirmed.

Affirmed.

S. M. Adams, of Nacogdoches, for appellant.

C. C. Denman, of Nacogdoches, for appellee.

MURRAY, Justice.

Arlie V. Matteson filed a suit for divorce against Bernice Matteson in district court of Nacogdoches county on November 23, 1943. From a judgment sustaining the plea in abatement of the defendant and dismissing the case, the plaintiff in the trial court has appealed.

The ground relied upon in the plea in abatement was that the plaintiff had not resided in Nacogdoches county, Texas, for six months next preceding the filing of his suit.

Arlie V. Matteson and his wife were married and resided in Harris county, Texas, in January, 1940. They separated in July, 1941, while residing in Harris county. He registered under the national Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq., in Harris county, and was inducted in the army from Harris county in September, 1942. After leaving his wife in July, 1941,

he went to his former home in Nacogdoches county where his mother was then residing. After staying in Nacogdoches a short time, the exact period of which is uncertain from the testimony, he went to New Orleans and Shreveport, attending an air craft school in Shreveport. From there he went to Dallas and worked at the North American plant. He worked there until September, 1942, when he was inducted into the army. In September, 1942, he employed an attorney who filed a suit for divorce for him in Harris county, Texas. He has not resided in Nacogdoches county since his induction into the army. On January 30, 1944, he paid his poll tax in Nacogdoches county.

The appellant maintains that the intent of the person involved to maintain an established residence in a county is the governing factor in this case and that Arlie V. Matteson claimed Nacogdoches county as his home continuously from the time he separated from his wife in July, 1941, until the time he filed this suit in November, 1943.

We do not agree with the contention of appellant. The facts here do not comply with the requirements in R.S. 4631, Vernon's Ann.Civ.St. art. 4631, for actual residence on the part of a person seeking to maintain a suit for divorce. Dickinson v. Dickinson, Tex.Civ.App., 138 S.W. 205, 208; 16 Tex. Jur. 537.

We have read the case of Montmorency v. Montmorency, Tex.Civ.App., 139 S.W. 1168, cited by the appellant, but we do not believe that it has application here.

The judgment of the district court is affirmed.

## BLY v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited.

### No. 13549.

Court of Civil Appeals of Texas. Dallas.

June 9, 1944.

Rehearing Denied July 7, 1944.