174 P.2d 741

**RYLAND v. RYLAND.**

No. 4865.

Supreme Court of Arizona.

Nov. 25, 1946.

98

Fulbright & Sult, of Florence, for appellant.

Bilby & Shoenhair, of Tucson, for appellee.

MORGAN, Judge.

Plaintiff, claiming to be a resident of Pima County, brought suit for divorce March 15, 1945 in the superior court of that county upon the ground that he and his wife, the defendant, had not lived nor cohabited together for a period of five years. Defendant admitted the lack of cohabitation for the five-year period, but raised two defenses: First, that plaintiff was not an actual bona fide resident of the state for one year and of the county for six months prior to the institution of the action; Second, that based upon the willful and wrongful conduct of plaintiff she had, about the 15th of April, 1942, in the superior court of Pinal County, secured a decree of divorce a mensa et thoro from plaintiff, which from date of entry remained in full force and effect.

The facts proven were: The parties were married in 1935. Since 1939 they did not live nor cohabit together. Plaintiff, following the separation, went to Tucson, Pima County, to live with his sister. He worked for cattle ranch operators, the owner of properties in that county, who also operated shipping and dipping pens at Nogales, Santa Cruz County. He had the management of the pens at Nogales and performed ranch hand work on the Pima County properties. During the season, when cattle were being imported from Mexico, he spent half the time in Nogales, and kept a room there, the rent of which was paid by his employers. He occupied this room three to four nights a week during the shipping season, approximately eight to nine months of the years 1940 and 1941. The effects which he kept there were work clothes, equipment and supplies used in connection with the cattle pens operation. During the off shipping or importation periods, he spent little time at Nogales. All his personal effects, other than

the work clothes mentioned, were kept at his sister's home in Tucson. His laundry was done in that city. He considered Tucson as his residence except for a period in 1940 when he claimed a residence in Nevada. His sister's home was his mailing address.

In 1940 plaintiff registered under the Selective Service Act, giving his residence as Nogales. He was inducted as a registrant of that county in 1942. The Tucson residence of his sister appears in his army record as his permanent address. During the period of his service he was actually and physically present in Arizona and Pima County about 40 days. In the spring of 1944 plaintiff registered as a voter of Pima County. He was still in the armed forces when this action was filed.

The trial court rejected defendant's offer of the limited divorce decree entered in Pima County, found the issue of residence in favor of plaintiff, and entered judgment for divorce on plaintiff's complaint, from which defendant appealed.

Three questions are presented:

(1) When a limited divorce decree is entered under the provisions of sections 27-812, -813, -814, ACA 1939, and is in full force and effect, may an absolute divorce decree be entered under section 27-802, sub. (9)?

(2) Does one who has been inducted into the armed services, and serves without the boundary of the state, continue an actual bona fide resident of the state, within the meaning of section 27-803, in the absence of proof that a residence has been established elsewhere?

(3) Is the designation of residence for registration under the Selective Service Act, 50 U.S.C.A.Appendix, § 301 et seq., in a particular county, such conclusive proof of residence in that county as to prevent the court, on conflicting evidence, to find the registrant's residence in a county other than that which he designated in his registration statement?

Defendant relies upon the opinion of this court in Williams v. Williams, 33 Ariz. 367, 265 P. 87, 88, 61 A.L.R. 1264, wherein it was said "Nothing short of a reconciliation of the parties, satisfactorily shown to the court upon a joint application, can nullify the decree of separation from bed and board * * *." This statement must be considered in the light of the issues made in that case and other expressions in the opinion. The question there was whether the wife, who was living separate and apart from plaintiff under the provisions of a bed and board divorce, could be guilty of willful desertion. Plaintiff had, in good faith, offered reconciliation which had been rejected by defendant. The effect of the decision was that her refusal to become reconciled did not amount to a desertion from the date of such refusal. The court said: "The divorce a mensa et thoro being available to the wife only will not bar the husband from obtaining an absolute

divorce on any of the specified statutory grounds, * * *. The wife likewise may, subsequent to a decree of separation from bed and board, maintain an action for an absolute divorce upon any of. the specified statutory grounds, * * *."

 Subsequent to the date of this opinion, the Legislature enacted as the ninth ground for absolute divorce sub. 9 of section 27-802, the following: "When for any reason the husband and wife have not lived or cohabited together as husband and wife for a period of five (5) years or more." Separation for five years being now a statutory ground of divorce, the opinion in the Williams case supports the action of the trial court in rejecting the decree of limited divorce as a defense. Had the ground of the present action been willful desertion for one year, the Williams case would be controlling. Here the ground of divorce does not rest on the willful nor unlawful desertion of plaintiff by defendant, but on the later statutory provision of actual separation and noncohabitation for a five-year period. As to this ground, the existence of a decree of divorce a mensa et thoro is no defense.

 This conclusion is confirmed by a reference to the later cases of Schuster v. Schuster, 42 Ariz, 190, 23 P.2d 559, and Rozboril v. Rozboril, 60 Ariz. 247, 135 P. 2d 221. In each of these cases it was held that a decree of separate maintenance, under section 27-815, was no defense to an action under the ninth ground of section 27-802. While section 27-815 does not in express terms authorize the wife to live separate and apart from the husband, it implies that right even though it does not affect the binding character of the marriage ties as in the case of a decree from bed and board, under sections 27-812, -814, inclusive. The decision of the Supreme Court of Minnesota, in Gerdts v. Gerdts, 196 Minn. 599, 265 N.W. 811, holding that a limited divorce decree authorizing the wife to live separate and apart from the husband, is no defense to an absolute divorce proceeding brought under a statute similar to sub. 9 of section 27-802, is cited and excerpts from the opinion quoted in the Rozboril case. It clearly appears that this court has recognized the public policy of the five-year separation statute to be that where a husband and wife have lived separate and apart for such period, with no intention to resume conjugal relations, the interests of society and the parties will be best promoted by a dissolution of the marriage.

Section 27-803 provides: "An action for divorce shall not be maintained in court unless the plaintiff shall, at the time of filing the complaint, have been an actual bona fide resident of the state for one (1) year, and shall have resided in the county where the action is filed six (6) months next preceding the filing thereof."

 It is conceded that plaintiff was a resident of Arizona at the time he en-

tered the service, and there is no claim that he actually established a residence elsewhere. Does the fact that he was not actually within the state, because his duties as a member of the armed services took him elsewhere, prevent him from being considered an "actual bona fide resident of the state" within the meaning of the above section? In Sneed v. Sneed, 14 Ariz. 17, 123 P. 312, 40 L.R.A.,N.S., 99, followed and approved in Andrade v. Andrade, 14 Ariz. 379, 128 P. 813, it was said [14 Ariz. 17, 123 P. 314]: "We conclude that 'an actual bona fide resident' means a person who is in Arizona to reside permanently, and who, at least for the time being, entertains no idea of having or seeking a permanent home elsewhere." In the later case of Wynn v. Wynn, 39 Ariz. 580, 8 P.2d 1081, 1082, it was said: "Under the statute, it is absolutely essential before a person may lawfully file a complaint for a divorce that he shall have been an actual bona fide resident of the state for one year and of the county six months." No further attempt was made to define the words "actual bona fide resident." However, in the Sneed case we think the meaning of the term was held to be that the permanent and fixed character of the residence rather than where the party in fact resides, is the determining factor. This is evidenced by the following excerpts from the opinion:

" * * * The expression 'actual bona fide' resident, as used in paragraph 3114, supra, is very much the same language as that used in the statutes of other states concerning divorce, and we are therefore not without a construction of the expression by the highest courts of such states. In Hamill v. Talbott, 81 Mo.App. 210, 215, the court said: 'The statutory terms "resident or residence," as used in divorce statutes, contemplate, we think, an actual residence with substantially the same attributes as are intended when the term "domicile" is used. They do not mean the place where the defendant in fact resides for the time being. They mean a residence of a permanent and fixed character, a domicile'—citing Bishop on Marriage & Divorce, § 109; Pate v. Pate. 6 Mo.App. 49, and a number of cases from other states.

" * * *.

"In Whitcomb v. Whitcomb, 46 Iowa 437-443, the court said: The statute 'providing for six months residence in the state in order to give jurisdiction in divorce proceedings means, "a legal residence, not an actual residing alone, but such a residence as that when a man leaves it temporarily, or on business, he has an intention of returning to, and which when he has returned becomes, and is, de facto and de jure, his domicile, his residence. There must be a fixed habitation, with no intention of removing therefrom." ' "

In view of the foregoing constructions of the statute, we need not refer to the Texas decisions construing the Act of that state, which may have been the basis of our

law, and an amendment thereto which specially provides that citizens absent from the state for more than six months in the military or naval service are entitled to bring actions for divorce in the county of their residence before entering the service. We must take the law as now construed. Our legislature has made no special provisions for those in the service for the purpose of preserving their residence status. Nor do we believe that such legislative action was necessary. It is our view that "an actual bona fide resident" of Arizona, who either voluntarily enters or is inducted into the military or naval service of the United States does not, by reason of serving without the state, cease to be such actual bona fide resident here. This is the uniform view on the subject; Zimmerman v. Zimmerman, 175 Or. 585, 155 P.2d 293; Johnston v. Benton, 73 Cal.App. 565, 239 P. 60; Gray v. Gray, 199 Ark. 152, 133 S.W. 2d 874; Dicks v. Dicks, 177 Ga. 379, 170 S.E. 245; Harris v. Harris, 205 Iowa, 108, 215 N.W. 661; McLaughlin v. Feerick, 276 Mass. 180, 176 N.E. 779; 28 C.J.S., Domicile § 12g (1), p. 28, and conforms to the rule promulgated in the Sneed case. In the absence of evidence of an intention to take up residence elsewhere, the person in the military or naval service is deemed to be only temporarily absent from the state. Under such circumstances, he does not lose his statutes as an actual bona fide resident.

Since the evidence of whether plaintiff was a resident of Santa Cruz or Pima County is conflicting, we are bound to uphold the trial court's finding that plaintiff was a resident of the latter county, unless plaintiff's declaration in his selective service registration statement that he was a resident of the former county conclusively establishes the place of residence. This is defendant's contention, which she supports by a reference to Matteson v. Matteson, Tex.Civ.App., 181 S.W. 2d 877. The Rules and Regulations of the Selective Service Act of 1940, in effect on October 16, 1940, the date of plaintiff's registration, provided under (b) Question 2, Place of residence: " * * * The registrant shall be permitted to determine what place he desires to give as his residence when he is not located in the same place all of the time. * * * the registrant shall be carefully advised by the registrar that the place he gives as his residence will determine, once and for all, the local board which has jurisdiction over him and that after he is registered that jurisdiction will never be changed. * * *"

It is evident that these regulations go only to the extent of fixing the residence of the registrant for the purpose of giving a particular board jurisdiction over the registrant. They were not intended to, and do not, fix such residence for any other purpose. The statement so made is competent evidence to prove registrant's place of residence, but is not determinative of his actual domicile, except for the

purpose provided in the Selective Service Act and Regulations.

We cannot accord to Matteson v. Matteson the weight given to it by defendant. In that case, the plaintiff not only registered as a resident of Harris County, but after his induction into the service brought a suit for divorce in the same county. A little more than a year later, without in the meantime residing in Nacogdoches County, he filed suit in that county. There was a total lack of evidence of any residence in Nacogdoches County. In that case, the registration statement is considered as an evidentiary fact, and not as an irrefutable determination of the residence. We answer the third question in the negative.

The judgment is affirmed.

STANFORD, C. J., and LaPRADE, J., concurring.