## FORSE v. FORSE.
### No. 4613.

Court of Civil Appeals of Texas. Beaumont. April 28, 1949.

Rehearing Denied May 18, 1949.

343

Hutcheson, Taliaferro & Hutcheson, Houston, for appellant.

Lewis Lanier, Jasper, Forse & Forse, Newton, for appellee.

R. L. MURRAY, Justice.

This is an appeal from an interlocutory order of the district court of Newton County in a suit for divorce filed by J. B. Forse, Jr., appellee, against Martha Jane Forse, appellant, on February 8, 1949. A temporary restraining order was issued by the court on the date when the petition was filed and after a hearing on February 14, 1949, the order and temporary injunction appealed from were issued by the court.

The order and temporary injunction appealed from continued in effect the restraining order theretofore issued, restraining the appellant from in anyway interfering with appellee and his parents' custody and control of Janis Forse, the three year old daughter of the parties to this appeal, and from taking said child away from them or beyond the jurisdiction of the court.

By her pleadings in the trial court the appellant questioned the authority of appellee to maintain his suit for divorce in Newton County, alleging that she and appellee and their child had been living in South Houston in Harris County for over a year immediately prior to the filing of his suit in Newton County; that both of them had lived and maintained a home for at least 13 consecutive months at 714 Pennsylvania Street, South Houston, Texas, at such time. The appellant raised the question in answer to the notice served upon her to show cause why a temporary restraining order or an injunction should not be issued against her.

From the testimony of appellee himself, it appears that he was inducted into the army in Newton in November, 1940, was injured while in the Service and was married in January, 1942 to the appellee. He was discharged from the Walter Reed Hospital in Washington, D.C., and came to Newton. His wife came with him to Newton in 1946 where they lived in the house of his father and mother. They stayed there some six or eight months and then went to Fort Worth, which had been his wife's home before they married. He went to Fort Worth and worked with a life insurance company there. He went

to Houston in September, 1947, in a real estate development and three or four months later his wife came to Houston and they "resided there, making Houston our temporary home until this time." Occasionally he came to Newton, at times on a visit and at other times on business. When he and his wife came to Newton they stayed in his father's home where a room was set aside for them. His wife was employed in Houston in the office of Pan American Airways. The couple had some financial troubles, along with other troubles, while in Houston, which apparently led to some quarrels, and on February 8th, about 9:30 a.m. he left Houston and came to Newton, bringing the child with him. The suit was filed at 4:50 p.m., the same day. The appellee insists in his testimony and in his brief that Newton County has always been his home, that while he, his wife and child resided in Harris County, it was a temporary residence and he always intended to return to Newton to make his home. His father had deeded him a lot in Newton on which he expected at some time in the future to build a home.

■■ We believe that without question the appellee had not been in actual residence in Newton County for six months next preceding filing suit for his divorce in Newton County. It is established by a long line of decisions in this State that while legal residence may be fixed by fact and intention, the requirement of actual residence in a county for the purpose of maintaining a suit for divorce is not satisfied by legal residence. Michael v. Michael, 34 Tex.Civ.App. 630, 79 S.W. 74; Matteson v. Matteson, Tex.Civ.App., 181 S.W.2d 877; Dickinson v. Dickinson, Tex. Civ.App., 138 S.W. 205; Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90; Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516.

■ The appellee contends that the question of his residence in Newton County is not before us on appeal and that since the trial court found in his order and judgment that appellee had resided in Newton County for six months next preceding the filing of his suit, we are precluded from a consideration of this matter until a judgment on the merits of the whole case is rendered and a proper appeal from such judgment is brought before us. He relies on the case of Witt v. Witt, Tex.Civ.App., 205 S.W.2d 612. The holding in the Witt case does not apply to the present controversy. There the appellant had filed a plea to the jurisdiction of the court and a plea in abatement, which were overruled. When a temporary injunction was issued regarding community funds, he appealed from such temporary injunction and attempted to appeal from the orders overruling the plea to jurisdiction of the court and plea in abatement. The holding on appeal was that both the orders overruling his pleas were interlocutory orders from which no appeal would lie and such appeals were dismissed. In the present case, however, the appellant assailed, in her answer to the notice to show cause why a temporary injunction should not issue against her, the right and authority of appellee to bring his suit for divorce in Newton County and the right and authority of the Newton County District Court to issue any order or temporary injunction in the matter. In this appeal from the order granting the temporary injunction, the question of the authority of the court to issue the temporary injunction includes the question of appellee's right to bring his suit for divorce in Newton County. In the case of Cameron v. Cameron, Tex.Civ.App., 172 S.W.2d 980 a somewhat similar matter or question was presented. There the trial court first went into a thorough hearing of the facts to determine the plaintiff's qualification to bring his divorce action, and after such hearing found on what the Court of Civil Appeals deemed to be ample evidence, that the plaintiff did have such residence qualification. The appellate court held that appellee was qualified to file her action for divorce and therefore the trial court might make such temporary orders respecting the property and parties as should be deemed necessary and equitable, under the broad powers granted by Article 4636, R.S. 1925. In the present case the careful trial judge permitted an exhaustive hearing on the question of the residence of the appellee in Newton County and made a

finding in his order to the effect that appellee had resided in Newton County for six months next preceding the filing of his suit. As did both trial and appellate courts in the Cameron case, supra, he recognized that his authority to issue temporary orders and writs depended upon the qualification and right of the appellee to file and maintain his suit for a divorce in Newton County.

We believe the appellee was without authority to file and maintain his suit for divorce in Newton County, and that the District Court of Newton County was in error in finding that he had so resided in Newton County. We believe the undisputed evidence, in fact the testimony of appellee himself, shows absence of the required actual residence.

 Upon such a showing in the evidence, the trial court was without authority to issue the order and temporary injunction appealed from or any such order as is contemplated by Article 4636, Vernon's Ann. Civil Statutes.

The appellant also complains of the refusal of the trial court to receive in evidence the ex parte affidavit of Mrs. Dean Dimick. She offered the affidavit of Mrs. Dimick, who lived across the street from the parties and knew that they had lived there for at least a year prior to February 7, 1949, according to her affidavit. Appellee's objection that it was an ex parte affidavit was sustained by the court. It is a recognized rule on hearings for temporary injunction that affidavits may be received in evidence on material matters. See Hill v. Brown, Tex.Civ.App., 225 S.W. 780 and cases cited; 24 Tex.Juris. 183. The acceptance or rejection of such affidavits is a matter for the sound discretion of the trial court, but in a hearing of this nature, where the hearing was had on the 14th day of February and notice was served on appellant on the 9th day of February, the trial court should have considered the ex parte affidavit as tendered. Since the witness resided in Harris County and not in Newton County, she could not have been compelled by subpoena to appear as a witness and the taking of her deposition in statutory form was prevented by the short-

ness of time intervening between the notice and the date of hearing.

The order and judgment appealed from is vacated and set aside and the temporary injunction is dissolved.

The appellant, by her brief, asks that her infant daughter be returned to her by order of this court. It is apparent from our discussion of the legal question of residence above that we believe we have no authority to enter such an order or any order affecting these parties, other than to dissolve and set aside the order and judgment of the trial court. We have decided that the appellee was without authority to file and maintain the suit for divorce in Newton County, and because of such lack of authority on his part the district court was without authority to make the order and enter the judgment which it did. Our only authority here is in review of such orders and judgments of the trial court as are properly brought before us for review.

Reversed and temporary injunction dissolved.