[Civil No. 4541.   Filed March 22, 1943.]

[135 Pac. (2d) 221.]

IRENE M. ROZBORIL, Appellant, v. JOHN J. ROZBORIL, Appellee.

Mr. H. S. McCluskey and Mr. Jack Choisser, for Appellant.

Mrs. E. G. Monaghan, of Counsel.

No appearance for Appellee.

McALISTER, C. J.—This is a suit for a divorce brought by John J. Rozboril against Irene M. Rozboril on the ground that he and she have not lived and cohabited together, as husband and wife, for a period of five years, or more, next preceding the filing of this complaint. He alleges that on the 26th day of June, 1935, a decree was duly rendered providing for the separate maintenance of the defendant by the plaintiff in the Superior Court of Pima County, Arizona, cause No. 16249, styled "Irene M. Rozboril vs. J. J. Rozboril."

In answer the defendant alleges, among other things:

"Admits the allegations of Paragraph (4), of the complaint and in this connection alleges that plaintiff deserted defendant on or about the 5th day of July, 1932, without cause or fault upon her part; and further alleges that the alleged separation was due to the sole fault and wrong of the plaintiff. . . .

"That Sub-section (9) of Paragraph 27–802, Arizona Code Annotated 1939, is unconstitutional on the grounds that it is contrary to public policy, and denies to defendant her day in Court and would allow and permit plaintiff to profit by his own wrongs."

The trial court held that the plaintiff was entitled to a decree and rendered judgment granting him an ab-

solute divorce from defendant, Irene M. Rozboril. The defendant appeals from the judgment.

Section 27–802, Arizona Code 1939, provides:

"A divorce from the bonds of matrimony may be granted in any of the following cases:

. . . . . . . .. .

"(9) When for any reason the husband and wife have not lived or cohabited together as husband and wife for a period of five (5) years or more."

■ The defendant contends that because the code commissioner and the legislature which adopted the 1928 Code left out the words "on the application of the aggrieved party, by complaint," from paragraph 3859 of the 1913 Code when they carried this section over into the 1928 Code as section 2179, the latter must be read as though it contained them, and she cites a number of cases which she claims hold this doctrine, among them being *In re Estate of Sullivan*, 38 Ariz. 387, 300 Pac. 193, 195, wherein the court used this language:

"It is well known that it was the object of the code commissioner and the Legislature in preparing the Revised Code of 1928 to change the legal meaning of the existing law as little as possible, but, as stated in the preface to the official edition of said Code, 'to reduce in language' and to avoid redundancy. Chapter 35, Session Laws 1925. We should therefore presume that when a word, a phrase, or a paragraph from the 1913 Code is omitted from the Code of 1928, the intent is rather to simplify the language without changing the meaning, than to make a material alteration in the substance of the law itself. Of course, if the only conclusion which can be drawn from the new language is that it was intended to change the legal effect of the statute, the latest expression of the will of the Legislature must prevail, but where two meanings can be given, we should assume rather that one which leaves the law as it was originally than the one which changes the legal effect of the statute as well as its phraseology."

It should not be overlooked that the court did say, "Of course, if the only conclusion which can be drawn

from the new language is that it was intended to change the legal effect of the statute, *the latest expression of the will of the Legislature must prevail,*" and there is no reason to believe that the legislature, in the enactment of section 2179, did not intend that the words "on the application of the aggrieved party, by complaint" should be omitted.

In addition, it was three years after section 2179 became law that chapter 12, Session Laws of 1931, amended the divorce law by adding the ninth ground of divorce. The legislature amended the law as it appeared in the 1928 Code and not as it would have read if the expression "on the application of the aggrieved party, by complaint" had been a part of the statute at that time.

It is perfectly plain that in the first eight grounds in which a divorce may be had, it may be granted to one party when the other has been at fault. The language itself in each instance means that and, hence, there would seem to be no reason why the expression "on the application of the aggrieved party, by complaint" should appear. For instance, "when adultery has been committed by either party"; it may be granted to the one who is not at fault.

Where the ninth ground, the one about which we are concerned here, is invoked, "When for any reason the husband and wife have not lived or cohabited together as husband and wife for a period of five (5) years or more," it may be granted to either party.

■■ The defendant contends, however, that if it is given this construction, it is unconstitutional and void for the reason that it permits an offending party to take advantage of his own wrong. The legislature may make any grounds it sees fit a cause for divorce and when it has done so it is the duty of the court, in so far as possible, to give effect to the statute. The statute gives the right to either party "when for any reason the hus-

band and wife have not lived or cohabited together as husband and wife for a period of five (5) years or more," and does not provide that a divorce may be granted "on application of the party injured," as does that of Washington, upon which *Pierce* v. *Pierce,* 120 Wash. 411, 208 Pac. 49, is based and on which defendant chiefly relies. Under a provision making continuous separation under a decree of limited divorce for more than five years next preceding the commencement of the action a ground for divorce, it was held in *Gerdts* v. *Gerdts,* 196 Minn. 599, 265 N. W. 811, that the husband was entitled to an absolute divorce on the ground of five years separation under a limited divorce decree obtained by the wife, since either spouse has the right to absolute divorce on such ground regardless of the grounds on which limited divorce was granted.

"The public policy of these separation statutes" according to the annotation in 51 A. L. R. 763, "is based upon the proposition that where a husband and wife have lived apart for a long period of time, without any intention ever to resume conjugal relations, the best interests of society and the parties themselves will be promoted by a dissolution of the marital bond. This is a comparatively new idea in the law of domestic relations and divorce. The object of the legislation is indeed plain enough, but the statutes through which it is sought to be accomplished are by no means uniform."

And in *McKenna* v. *McKenna,* 53 R. I. 373, 166 Atl. 822, the court says:

"The basis for a divorce on the ground of living separate and apart for ten years is not the wrongdoing of one of the parties. It is the policy of the state, where the husband and wife have, for so long a time, failed to become reconciled, not to compel them to continue in a marital status which is ostensible rather than real."

The judgment of the lower court is affirmed.

ROSS, and STANFORD, JJ., concur.