[No. 31562. Department One. February 15, 1951.]

WALTER C. MERTENS, *Appellant*, v. HILDUR E. MERTENS, *Respondent*.[1]

[1]Reported in 227 P. (2d) 724.

*Copeland & Tollefson*, for appellant.

*Dorsey, Ruff & Morton*, for respondent.

HILL, J.—The trial court dismissed an action brought by a husband for a divorce, finding that the wife had "been guilty of no conduct which is cruel or calculated to subject the plaintiff to personal indignities rendering his life burdensome." The husband appeals.

The husband's testimony built up a case of what seemed to him excessive religious zeal on the part of his wife: a refusal to use cosmetics or to patronize beauty parlors, and disapproval of smoking, drinking, dancing, card playing, and attending shows, none of which constitute cruelty or personal indignities *per se*. However, he testified further concerning her limitation of the use of the radio in the home except for religious programs; her criticism of the denomination of which his family were members, calling the members of his family hypocrites and telling them that they were "going to the devil" unless they "turned to her church"; alienating the affections of the parties' child; denying him conjugal rights; and creating an atmosphere in the home in which neither his friends nor his family felt welcome and which became so unbearable that he could not continue to live there. These things, if true, did constitute cruelty and personal indignities. He further testified concerning her refusal to strain foods for him and her failure to rub his chest and back, both di-

rected by his doctor, and her complete unconcern as to his condition when stricken with appendicitis.

The wife freely conceded that she did not participate in the amusements referred to, because of her religious convictions; denied that she had attempted to restrict her husband's participation in them; denied that she had limited the character of radio programs except as to certain "awful" programs; denied any criticism of the religious denomination of which his family were members; and denied the creation of a hostile atmosphere so far as his family or friends were concerned. However, there was no categorical denial of his charges that she had alienated the affections of their child and refused him his conjugal rights. She testified that she had strained his food, had rubbed his chest and back, and had secured someone to drive him to the hospital when he had the attack of appendicitis. She told of her attendance on him and of a tender and touching scene in the hospital on that occasion.

From the memorandum decision of the trial judge, we gather that he was of the view that he was confronted with a grave constitutional question involving the guarantee of religious liberty contained in the first amendment to the United States constitution and the "Absolute freedom of conscience in all matters of religious sentiment, belief, and worship" set forth in the Washington state constitution, Art. I, § 11, as amended; and that he concluded that the wife's conduct was insulated by these constitutional provisions from a charge of cruelty.

As stated in the opening paragraph hereof, the finding of fact on which the judgment of dismissal was based is that the wife had "been guilty of no conduct which is cruel or calculated to subject the plaintiff to personal indignities rendering his life burdensome."

At least one purpose of findings of fact is to enable this court to review the questions on appeal. *Kinnear v. Graham*, 133 Wash. 132, 233 Pac. 304. *In Michaelson v. Hopkins*, 37 Wn. (2d) 453, 224 P. (2d) 350, we had occasion to point out the unsatisfactory situation so far as a reviewing court is concerned when there is a negative

finding such as the one with which we are here concerned, in which the finding may be the result of either (1) failure to believe certain evidence or (2) the conclusion that, though the evidence is believed, it is not legally sufficient to establish a cause of action.

If the trial judge made the finding we have quoted because he believed the wife and not the husband, or because he did not know which to believe and therefore the husband, as plaintiff, had failed to sustain the burden of proof, we would have no hesitancy in affirming his dismissal of the case, because he was certainly in a better position than we are to evaluate the credibility of the witnesses.

■ If, however, the trial court believed that portion of the husband's testimony which we have indicated would constitute cruelty if true, but concluded that there could be no cruelty because the wife was acting in accordance with the dictates of her conscience and her religious beliefs, the trial court erred. *Krauss v. Krauss*, 163 La. 218, 111 So. 683, 58 A. L. R. 457; *Wilson v. Wilson*, 58 Cal. App. (2d) 641, 137 P. (2d) 700; *Smith v. Smith*, 61 Ariz. 373, 149 P. (2d) 683. The respondent does not attempt to sustain that position, but frankly states in her brief that "One spouse certainly cannot treat the other cruelly and then hide behind the guise of religious freedom."

Respondent, however, seeks affirmance of the judgment of dismissal on the basis that, entirely apart from the question of religious beliefs and practices, the wife's conduct did not constitute cruelty and did not render the home life of the husband burdensome. Whether that be true depends upon whose version the trial court accepts, since, as we have indicated, part of the wife's conduct as testified to by the husband (portions of which were not denied) constituted cruelty if the facts were as he stated them.

Respondent invokes the familiar formula that this court will not disturb the findings of fact made by the trial court where the veracity of witnesses is the determining factor,

because the trial court is in a much better position to determine the credibility of witnesses than we are. *Gillespie v. Gillespie,* 26 Wn. (2d) 134, 144, 173 P. (2d) 176; *In re Martinson's Estate,* 29 Wn. (2d) 912, 920, 190 P. (2d) 96.

The difficulty with that position in the instant case is that we cannot tell whether the veracity of witnesses was the determining factor, since it appears from the memorandum decision that the court's finding of no cruelty and no conduct rendering the husband's life burdensome rested upon the court's belief that, so far as the wife's conduct was actuated by her religious beliefs, it could not be cruelty because she is protected by constitutional provisions, both state and Federal.

We have held that, when a memorandum decision and a finding of fact are at variance, the finding of fact and not the memorandum decision is controlling, and that a memorandum or oral decision cannot be used to impeach the trial court's formal findings of fact or judgment. *Williams v. Bevis,* 152 Wash. 469, 278 Pac. 193; *Clifford v. State,* 20 Wn. (2d) 527, 530, 148 P. (2d) 302. But where, as here, the formal findings of fact are consistent with the views expressed in the memorandum decision, they are to be read in the light of the views expressed in that decision. *Kinnear v. Graham, supra; McLean v. Continental Baking Co.,* 9 Wn. (2d) 176, 114 P. (2d) 159.

We hold that no question of religious liberty or freedom of conscience within the purview of the constitutional provisions referred to is involved here, and the cause is remanded to the trial court with instructions to set aside the present findings of fact, conclusions of law and judgment of dismissal, and, entirely apart from that question, to make findings of fact sufficiently explicit to support the conclusion or conclusions of law, and to enter judgment in accordance therewith. We do not pretend to say what the conclusions of law and judgment should be, for that depends, in the final analysis, upon whether and to what extent the trial court believes each of the parties.

Although the case is remanded, there will be no costs on this appeal to either party, because the findings of fact, the form of which leaves this court in doubt as to the theory on which the trial court entered its order of dismissal (while apparently prepared by the respondent), were approved as to form by the appellant, and he cannot escape responsibility for the state of the findings that makes a remand necessary.

SCHWELLENBACH, C. J., BEALS, DONWORTH, and FINLEY, JJ., concur.

[1]Reported in 227 P. (2d) 741.