324 P.2d 225

Jennie HEMPHILL, also known as June Harrell Hemphill, Appellant,

v.

L. J. HEMPHILL, Appellee.

No. 6337.

Supreme Court of Arizona.

April 16, 1958.

Lowell E. Rothschild and Hymen D. Goldberg, Tucson, for appellant.

Paul J. Cella and Cusick, Watkins & Frey, Tucson, for appellee.

ROBERT S. TULLAR, Superior Court Judge.

Jennie and Leonard J. Hemphill were married in Texas in 1949. They had met in Minnesota, and subsequently returned there. Later they moved to Colorado where the husband engaged in various business enterprises. In 1952, the wife left Colorado and has ever since made her home with or near a married daughter in California. The husband visited on one or two occasions, but never settled there. No children were born of this marriage.

In 1955, when the wife learned that the husband was in Pima County, Arizona, she filed suit against him in that county for separate maintenance, alleging cruelty, desertion, and failure to provide. In May, 1955, the husband filed his answer, generally denying the material allegations of the wife's complaint, and counterclaiming for divorce on grounds of cruelty and desertion. In her sworn reply to the counterclaim the wife admitted that the husband had been an actual, bona fide resident of Pima County, Arizona, for more than one year prior to the filing of the counterclaim, but she otherwise made a general denial to the allegations therein.

A contested trial before the court was had in February, 1956, and some time later the trial court entered judgment granting a divorce and ordering the husband to pay to the wife the sum of $2,700 at the rate of $150 per month or, in the alternative, $2,500 cash. Each party was ordered to pay his own attorneys' fees and costs.

The wife's motion for new trial was denied, she hired new counsel, and this appeal was duly perfected. She charges the trial

court erred in granting a divorce because (1) neither party had the requisite residence; (2) the husband produced no evidence that the wife was guilty of cruelty or desertion; (3) there was inadequate corroboration of the husband's testimony; (4) there was inequitable distribution of property; and (5), the wife had proved her entitlement to a judgment of permanent separate maintenance.

 Under our statute, A.R.S. Sec. 25-311, it is absolutely essential, before a person may lawfully file a complaint for divorce, that he shall have been an actual, bona fide resident of the state for one year, and of the county where the complaint is filed for six months. Carnahan v. Carnahan, 79 Ariz. 371, 290 P.2d 729, 55 A.L.R. 2d 1258; Wynn v. Wynn, 39 Ariz. 580, 8 P.2d 1081. The Arizona courts will not, and may not, attend the divorce complaints of°temporary visitors or transients. The invoking of the court's jurisdiction on a complaint for separate maintenance by a nonresident wife does not give the court jurisdiction to hear the husband's counterclaim for divorce, unless he himself had the requisite residence at the time he filed his counterclaim.

In Brandt v. Brandt, 76 Ariz. 154, at page 158, 261 P.2d 978, 980, this court said:

"By its decision in the second case of Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366, the Supreme Court of the United States held that a divorce decree granted without domicile of either spouse within the state is void * * *."

In Chester v. Chester, 69 Ariz. 104, 210 P.2d 331, 333, it was said that "actual bona fide residence in the State for one year and residence in the county for six months is the time prescribed by the legislature for establishing domicile" for divorce purposes.

The husband herein testified that he had lived on a ranch in Pima County for about two years. He stated he had been an actual, bona fide resident of that county for more than one year prior to the filing of the action. This testimony, admitted in her pleadings, was not disputed by the wife at the trial. The problem arises over the matter of corroboration.

 To sustain a judgment of divorce, corroborating evidence is required as to all material allegations, including residence. In re Sweeney, 51 Ariz. 9, 73 P.2d 1349; Ungemach v. Ungemach, 61 Cal.App.2d 29, 142 P.2d 99; Bullard v. Bullard, 189 Cal. 502, 209 P. 361.

Our statute provides:

"Either party may be a witness, but no divorce shall be granted upon the testimony or admissions of a party unless they are corroborated by other evidence." A.R.S. Sec. 25-317, Subd. B.

98

■ The reason for this statute,—which was substantially the rule at common law, and is similar to statutes in many jurisdictions,—is to prevent collusion between, or connivance by, the parties to secure a divorce upon simulated or false grounds. At common law, when there was no suspicion of collusion, the rule was relaxed and, under the statutes, in this situation, only slight corroboration is necessary. Lundy v. Lundy, 23 Ariz. 213, 202 P. 809; and see annotations, 15 A.L.R.2d 170, 65 A.L.R. 169.

■ In this case, the only witness called by the husband other than himself was one LaMar, a Colorado resident. He testified to an incident occurring in Colorado prior to the separation of the parties that might be deemed to be slightly corroborative of the husband's allegation of cruelty. On the subject of residence, however, he could only say he had heard that the husband had been in Tucson (Pima County), and in Arizona, for possibly a year or a year and a half.

Assuming,—without so holding,—that this hearsay, not having been objected to, is competent, and giving it its fullest effect, it still could only place the husband in the jurisdiction eighteen months prior to the trial date, or only eight months prior to the date of the filing of the counterclaim. This is not even slight corroboration; it is no corroboration at all of the residence requirement.

■ What of the sworn admission as to residence made by the wife in her pleadings? In Lundy v. Lundy, supra, and in Stark v. Stark, 32 Ariz. 392, 259 P. 401, 402, this court has held that the statutory words, "testimony or admissions of a party," refer to "party" in the singular number, meaning only the party seeking the divorce, and that therefore the testimony or admissions of the other party constitute "other evidence" within the meaning of the statute. In each of those cases the admissions by the other party were made by testimony at the trial. In the present case, however, the admission was in a verified answer and any value that might attach to the admission was dissipated by the wife's testimony from the witness stand. In court she stated that subsequent to July, 1953, she did not know the husband's whereabouts; that she finally found him in Tucson by tracing him through the Motor Vehicle Division by means of his automobile license; that this was in 1955, and she started this action at that time. In view of these facts the most that can be said of the wife's admission is that by it she does not dispute the husband's allegation of residence. Under no stretch of the imagination can this be deemed to be corroboratory evidence within the requirement of the statute, or the decisions in Lundy and Stark.

It should be noted that after this case was at issue with the filing of the wife's reply to the husband's counterclaim, the wife filed a

sworn "Counterclaim," in which she alleged her residence was the same as that of her husband. And the husband filed a "Reply" to this document in which he admitted this allegation. These supernumerary documents, even if given any force, are of no assistance. There is neither fact nor circumstance anywhere in the record, either in the wife's case or the husband's, that will corroborate his residence in Arizona.

■ The next question is whether the wife is entitled to a judgment of permanent separate maintenance as she has prayed for. A wife's action for separate maintenance generally presupposes a separation; the wife has the burden of proving that she was without fault therein. Kirkwood v. Kirkwood, 165 Md. 547, 170 A. 180. It is undisputed that the wife left the husband and took up residence with her daughter in California. There is considerable dispute on the basic issue which is whether this leaving was voluntary on the wife's part, or was forced on her by the husband's refusal to provide a home and support. Nothing in the record or in the judgment tells us how the court found on this issue. Nor are we now in any position to determine this question. One reviewer of the record might arrive at one conclusion, another the opposite.

■ The judgment herein recited that, "the parties are divorced and each of them are restored to the status of single persons." This is in the form of the so-called "Brown Decree," first sanctioned by this court in Brown v. Brown, 38 Ariz. 459, 300 P. 1007. Given jurisdiction, no magic words are required for a valid divorce judgment. Trial judges in this state may properly employ this form of judgment in the rare case where there is no evidence of recrimination, and both parties qualify for divorce. In this case, however, we hold that the court was without jurisdiction to grant a divorce because of lack of corroboration of the husband's testimony as to his residence in the state for a year and in the county for six months.

The judgment is reversed for new trial on all issues.

UDALL, C. J., and PHELPS, WINDES and STRUCKMEYER, JJ., concur.

Note. Justice JOHNSON, having been the trial judge, disqualified, and Honorable ROBERT S. TULLAR of the Superior Court, Pima County, was called to sit in his stead.