356 P.2d 701

**Blanche LAWSON, Appellant,**

**v.**

**Leo LAWSON, Appellee.**

**No. 6774.**

Supreme Court of Arizona.

Nov. 17, 1960.

Z. Simpson Cox, L. J. Cox, Jr., and Marion R. Smoker, Phoenix, for appellant.

Marks & Marks, Phoenix, for appellee.

LESHER, Justice.

Appellee filed an action for divorce on October 28, 1957, charging cruelty. Appellant wife denied the allegations of the complaint and counterclaimed for separation from bed and board, also charging cruelty. The Superior Court granted the husband a divorce. The wife appeals.

Appellant assigns as principal error that the evidence does not support the judgment. She is correct; it does not.

The evidence adduced to support the allegation of cruelty consisted entirely of the testimony of the plaintiff husband that his wife was a poor cook, nagged a great deal, especially about his driving, and turned on house lights when he preferred them off.

On whether such conduct constitutes "cruelty" under statute we do not here comment. Granting for these purposes only that it may, the judgment below cannot be sustained.

A.R.S. § 25–317, subd. B requires that "no divorce shall be granted upon the testimony or admissions of a party unless they are corroborated by other evidence." Where a divorce is much contested, and it is apparent that collusion does not exist, the rule is often relaxed. Lundy v. Lundy, 23 Ariz. 213, 202 P. 809. In such cases, only slight corroboration is necessary. Hemphill v. Hemphill, 84 Ariz. 95, 324 P. 2d 225. See also Williams v. Williams, 86 Ariz. 201, 344 P.2d 161, especially the concurring opinion of Justice Bernstein. We recognize and approve these principles. We recognize also that the trial court had the advantage of seeing the parties and the witnesses, and we are most reluctant to disturb its judgment, especially where it affects marital status. Nevertheless, the quoted statute still has force and meaning; corroboration, however slight is still necessary in every case of divorce, however hotly contested. Hemphill v. Hemphill, supra.

In this case the entire record, including a transcript of all of the testimony and all exhibits, is before us. We have

examined it minutely to find even the slightest corroboration of the plaintiff's testimony. There simply is none. In fact, the testimony of every other witness in the case goes, not to support the conclusion of cruelty by the wife toward her husband as he charges, but to negative that conclusion. There is no testimony corroborating that of the plaintiff as to any single one of the acts with which he charges the defendant, and which he claims to constitute cruelty under our law.

Appellant has also assigned as error the failure of the court to enter judgment for her on her counterclaim. We have therefore examined the record to determine whether the evidence is such as to entitle her, as a matter of law, to such a judgment. There is no useful purpose to be served in detailing the testimony on that issue. Such charges as she makes, and as to which she testifies, are clearly not such as to constitute cruelty as a matter of law. Neither do they appear to be corroborated by any independent evidence whatever. The trial court did not err in denying relief to defendant on her counterclaim.

The judgment granting the divorce is reversed; the judgment denying separate maintenance on the counterclaim is affirmed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN and UDALL, JJ., concur.