415 P.2d 568

Ellen MOORE, Appellant,

v.

Robert Lester MOORE, Appellee.

No. 8013–PR.

Supreme Court of Arizona.

In Banc.

June 16, 1966.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellant.

James E. Flynn, Allan K. Perry, Phoenix, for appellee.

STRUCKMEYER, Chief Justice.

■ Ellen Moore, appellant, brought suit in the superior court against Robert Lester Moore, appellee, praying for a divorce upon the ground of cruel treatment and outrage. Appellee answered denying those allegations and cross-complained, also asking for a divorce. At the conclusion of the trial, the court ordered the bonds of matrimony existing between the parties dissolved and the parties restored to the status of single persons. From the judgment the appellant perfects this appeal, urging that the court erred in simply dissolving the bonds of matrimony and, further, in failing to award her the divorce.

The trial court found:

"1. That the plaintiff, counter-defendant, is not entitled to judgment and decree of divorce on her amended complaint.

"2. That the defendant, counter-claimant, is not entitled to judgment for decree of divorce on the counterclaim."

These two findings are, in essence, that neither plaintiff nor defendant established by satisfactory evidence their grounds for divorce. We have examined the record in this case and are of the conclusion that the court was fully justified in arriving at this view of the evidence.

We do not agree, however, that the bonds of matrimony should have been dissolved between the parties to this action. It is apparent that the court relied upon the holding in Brown v. Brown, 38 Ariz. 459, 300 P. 1007. There, we approved the dissolution of the bonds of matrimony without the court stating that either party was awarded the divorce. Implicit in the holding was the fact that both parties had established satisfactory and legal grounds for divorce.

■ The right to a divorce is wholly statutory and the legislature may make any grounds it sees fit a cause for divorce. Rozboril v. Rozboril, 60 Ariz. 247, 135 P.2d 221. The legislature has by A.R.S. § 25–312, provided ten grounds for divorce. It has not provided that the divorce may be granted where one of the statutory grounds has not been established or at the discretion of a superior court judge because he might think the parties would be better off as single persons. We said, in Smith v. Smith, 61 Ariz. 373, 149 P.2d 683:

"We observe that both parties ask to be given their freedom from the other. That may not be done except upon a ground provided by the statute." 61 Ariz. at 375, 149 P.2d at 684.

The trial court was wholly without jurisdiction under the circumstances of this case to award a divorce and its judgment is void both as to the dissolution of the bonds of matrimony and its disposition of community property, child custody and support predicated upon the dissolution.

The opinion of the Court of Appeals in this cause is vacated and it is ordered that the superior court set aside the judgment herein and enter judgment dismissing plaintiff's complaint and defendant's counterclaim.

Judgment reversed with directions.

BERNSTEIN, V. C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concurring.