430 P.2d 453

**STATE of Arizona, Appellant,**

v.

**Betty S. SPENCE, Appellee.**

**I CA–CIV 426.**

Court of Appeals of Arizona.

July 24, 1967.

Rehearing Denied Sept. 7, 1967.

Review Granted Oct. 24, 1967.

Robert K. Corbin, Maricopa County Atty., by Frederic W. Heineman and Al-

bert I. Firestein, Deputy County Attys., for appellant.

Kenneth S. Scoville and Leroy W. Hofmann, by Leroy W. Hofmann, Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal · by the State of Arizona from a judgment of the Superior Court directing that the amount of a forfeited appearance bond in a divorce action be paid over to the wife in satisfaction of support payments and attorney's fees due the wife in the said divorce action. The sole question before this Court is whether the amount of the bond so forfeited should be paid to the State of Arizona or to the adverse party in the divorce action.

On 24 April 1964 the defendant, as a result of a body attachment issued in the divorce action, was apprehended, jailed, and released on bail in the amount of $1,500 provided by the National Automobile and Casualty Insurance Company. The undertaking read in part as follows:

"* * * that _____ be held for hearing upon a charge of defaulting defendant in a divorce action, Number 70199, upon which he has been admitted to bail in the sum of Fifteen Hundred ($1,500.00) dollars, we _____ as principal and The *National Automobile and Casualty Insurance Co.*, a California corporation, as surety, hereby undertake . that the said defendant will appear and answer the charge above mentioned in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court, and, if convicted, will appear for judgment, and render himself in execution thereof, or if he fails to perform either of these conditions that he will pay to the *State of Arizona* the sum of Fifteen Hundred ($1,500.00) Dollars."

The matter was set for hearing on the contempt charge at 9:30 a. m., 8 May 1964, and on said date the defendant failed to appear. Defendant was found in contempt

and sentenced to jail for 10 days and the court "further ordered defendant may purge himself of contempt and avoid serving sentence by paying said sums due on November 8, 1963, and paying all arrearages due from that date to June 11, 1964." The matter was set for review at 8:30, Thursday, 11 June 1964. This date was later continued to 30 June 1964 on which date the defendant failed to appear and the bond was forfeited and a body attachment issued. On 24 December 1964 the court ordered:

"* * * directing the Clerk of the Superior Court to apply proceeds of the forfeiture to arrearages and attorneys fees owed the plaintiff by the defendant."

After various motions by the State of Arizona represented by the Maricopa County Attorney's Office, judgment was entered 3 May 1966, reaffirming the original order of 21 September 1965 granting judgment to the plaintiff in the amount of $1,500, the amount of the defaulted bond. The surety company is not a party to this appeal, and we are concerned herein only with the rights of the State of Arizona and the plaintiff in and to the amount of the bond forfeited.

 It is the contention of the State of Arizona that the object of bail is to secure defendant's appearance in court and not to create a fund from which an individual plaintiff may be paid. Appellant contends bail is provided for the sole purpose of securing defendant's appearance in court so that future jail sentences will not be an empty gesture, and in the absence of specific statutory authority a court has no power to require security for the payment of alimony, support of minors, or attorney's fees in divorce actions. Appellant also contends that the Rules of Criminal Procedure apply:

"A. Bail is the security required and given for the release of a person who is in custody of the law, that he will appear before any court in which his appearance may be required and that he will do, or refrain from doing, such

things as are stipulated in the bail bond or recognizance hereinafter in these rules called the undertaking.

"B. Every undertaking shall provide that the person giving the undertaking will pay to the state a specified sum." Rule 38, Rules of Criminal Procedure, 17 A.R.S.

Appellant also cites Rules 71 and 73 of the Rules of Criminal Procedure which provide that money or bonds deposited as bail and forfeited shall be paid to the County Treasurer, and forfeited undertakings shall be collected by the County Attorney. It is the contention of the appellant State of Arizona that the bond being made payable to the State may not be paid to the party in the divorce action. With this we have to disagree. The defendant in the instant case was guilty not of criminal contempt but civil contempt. And the distinction between the two has been stated:

"Proceedings for contempt are of two classes—namely, criminal and civil. Criminal contempt proceedings are those brought to preserve the power and vindicate the dignity of the court and to punish for disobedience of its orders. Civil contempt proceedings are those instituted to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties. The former are criminal and punitive in their nature, and the government, the courts, and the people are interested in their prosecution. The latter are civil, remedial, and coercive in their nature, and the parties chiefly interested in their conduct and prosecution are those individuals for the enforcement of whose private rights and remedies the suits were instituted. * * * It is, however, a civil, and not a criminal, contempt for a person to fail to comply with an order of a court requiring him to pay money for his wife's support; * * *." 12 Am.Jur. 392, Contempt § 6.

Our Supreme Court has indicated that a contempt may be both civil and criminal,

Ong Hing v. Thurston, 101 Ariz. 92, 416 P.2d 416 (1966), and that power to punish for contempt is inherent in the courts. Phoenix Newspapers, Inc. v. Superior Court, 101 Ariz. 257, 418 P.2d 594 (1966). Our Supreme Court has also stated in distinguishing between criminal and civil contempt:

"* * * criminal contempts being acts which obstruct the administration of justice or tend to bring the court into disrepute, as distinguished from civil contempts, which consist of failing to do something which the contemnor is ordered by the court to do for the benefit or advantage of another party to the proceeding before the court." Van Dyke v. Superior Court, 24 Ariz. 508, 524, 211 P. 576, 581 (1922).

Generally, an order of the court directing that a party is in contempt but that he may purge himself of this contempt by doing certain acts sounds in civil contempt, Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed.2d 476 (1947), while criminal contempt is used to punish by fine or imprisonment a party for acts done. The person guilty of civil contempt can extricate himself from the situation by doing certain specific acts while the person guilty of criminal contempt must serve his time or pay his fine.

■ We are dealing here with civil contempt, a contempt ordered by the trial court for the benefit of the plaintiff-wife. The purpose of the order of the court placing defendant in jail was to secure compliance with the previous order of the court relating to support and attorney's fees in the divorce action. The bond follows the order (unless the bond is statutory). National Automobile and Casualty Company v. Queck, 1 Ariz.App. 595, 602, 405 P.2d 905 (1965). Nothing in this order prevents the amount forfeited from being paid over to the wife.

The fact that the bond reads in favor of the State of Arizona does not mean that the amounts collected under the bond may not be paid to an injured party on default of the bond. The bonds posted by the State

Registrar of Contractors, for example, provide that they shall "run to the state" but specify that the "state or any person damaged" may sue and recover on the bond. A.R.S. § 32–1152, subsec. D.

Counsel has cited no Arizona case in point and we have found none, but we believe that the fact that the bond reads "payable to the State of Arizona" does not deprive an injured party in a divorce action from the benefits of the bond posted to insure appearance of the adverse party in a divorce proceeding. The failure of the defendant to appear adversely effects the parties to the divorce action far more than it does the State of Arizona, and the State of Arizona has a very definite interest in seeing that citizens who remain within the jurisdiction of the court receive the benefit of court orders relative to alimony and support which might very well keep them from becoming public charges and their children the responsibility of the State. It should be noted that had the court decided to find the defendant in contempt as provided by A.R.S. § 12–861 et seq., and had it chosen to fine the defendant, the court could still have paid the amount of the fine over to the plaintiff as the one damaged:

> "C. The fine shall be paid to the county treasurer, or to the party injured by the act constituting the contempt, or may be apportioned where more than one party is damaged." A.R.S. § 12–863, subsec. C.

Also, the defendant in this case being required to pay this amount to the wife in any event should not be subject to double assessment of the $1,500. If the amount is to be paid to the State, the defendant upon forfeiture will be in the position of still owing the amount of $1,500 to his surety and also owing the same amount to the plaintiff in the divorce action. The defendant suffers not only in having a double obligation of the same amount of money—albeit through his own fault—but the plaintiff and her children suffer because of the increased financial burden placed upon the defendant by having a legal

obligation to her as well as to the surety after the forfeiture of the bond. We believe as a matter of public policy that both the State and the parties thereto are better served by having this amount paid over to the plaintiff in the civil divorce action.

The judgment below is affirmed.

STEVENS, J., and WILLIAM A. HOLOHAN, Superior Court Judge, concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter Judge WILLIAM A. HOLOHAN was called to sit in his stead and participate in the determination of this decision.