232

439 P.2d 803

The STATE of Arizona, Appellant-Petitioner,

v.

Betty S. SPENCE, Appellee-Respondent.

No. 9108–PR.

Supreme Court of Arizona,
In Banc.

April 17, 1968.

Rehearing Denied May 7, 1968.

Robert K. Corbin, County Atty., Maricopa County, by Frederic W. Heineman, Deputy County Atty., for appellant-petitioner.

, Kenneth S. Scoville and LeRoy W. Hofmann, Phoenix, for appellee-respondent.

UDALL, Vice Chief Justice:

This case is before us on a petition for review of the decision of the Court of Appeals, Division 1, 6 Ariz.App. 107, 430 P.2d 453 (1967). On an appeal by the State from the Superior Court's order directing that the amount of a forfeited appearance bond in a divorce action be paid over to the wife in partial satisfaction of support payments and attorney's fees due the wife in the said divorce action, the judgment of the Superior Court was affirmed by the Court of Appeals.

The relevant facts are as follows: Plaintiff, Betty S. Spence, filed an action for divorce against her husband, defendant, Armour Terrell Spence, Jr., in the Superior Court of Maricopa County. Included in the complaint was a claim for alimony, child support, attorney's fees and costs.

On September 3, 1963, the court ordered defendant to pay $400 a month for the maintenance of the plaintiff and the parties' minor children, and $400 for attorney's fees. The defendant failed to pay the sums as ordered, and at a hearing on an order to show cause November 8, 1963, the court found the defendant was in arrears and issued a body attachment for the arrest of defendant.

Pursuant to the attachment, the defendant was arrested and confined in the county jail. A bond was posted for defendant's release and in approving such the trial judge made the following order:

"The Honorable Charles C. Stidham having heretofore heard an Order to Show Cause and issued a body attachment for the defendant, and the defendant hav-

ing been arrested and confined in the Maricopa County Jail,

"It Is Ordered that bond be set in the sum of $1,500.00 on the defendant * * *.

"It Is Ordered approving bond in the sum of $1,500.00 and for the release of defendant. Release issued."

The bond undertaking read in part as follows:

"NOTE—The purpose of this bond is to guarantee the appearance of the defendant at all proper legal hearings, and cannot be construed as a guarantee for failure to provide payments, or back alimony payments, or fines or wage law claims.

  *   *   *   *   *   *

"AN ORDER having been made * * * that _____ be held for hearing upon a charge of Defaulting defendant in a divorce action # No. 70199 upon which he has been admitted to bail in the sum of Fifteen Hundred ($1,500.00) Dollars, we * * * THE NATIONAL AUTOMOBILE and CASUALTY INSURANCE CO., a California corporation, as Surety, hereby undertake that the said Defendant will appear and answer the charge above mentioned in whatever Court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the Court, and, if convicted, will appear for judgment, and render himself in execution thereof, or, if he fails to perform either of these conditions that he will pay to the STATE OF ARIZONA the sum of Fifteen Hundred ($1,500) Dollars."

The matter was set for hearing on the contempt charge on May 8, 1964. Defendant failed to appear and was found in contempt and sentenced to jail for ten days. The court further ordered that "defendant may purge himself of contempt and avoid serving sentence by paying said sums due on November 8, 1963, and paying all arrearages due from that date to June 11, 1964." When the defendant failed to appear again on June 30, 1964, the date the matter was reviewed, the bond was forfeited and a body attachment issued. The following order was made by the trial court on December 24, 1964:

"ORDERED, motion to exonerate bond is hereby denied.

"FURTHER ORDERED, directing the Clerk of the Superior Court to apply proceeds of the forfeiture to arrearages and attorneys fees owed the Plaintiff by the Defendant."

█ Whether the trial court erred in ordering that proceeds of the forfeited bond be paid to the plaintiff rather than to the State of Arizona is the sole issue before us. By affirming the trial court's order in her favor, we are satisfied the Court of Appeals incorrectly decided the case.

█ A provision of the bond contract was that it "is to guarantee the appearance of the defendant * * * and cannot be construed as a guarantee for failure to provide payments, or back alimony payments * *," and also that "if he fails to perform either of these conditions that he will pay to the STATE OF ARIZONA the sum of Fifteen Hundred ($1,500) Dollars." Surely such express provisions of the contract cannot be ignored. It is fundamental that the court must ascertain and give effect to the intention of the parties. Employer's Liability Assurance Corporation v. Lunt, 82 Ariz. 320, 313 P.2d 393 (1957). The intention of National Automobile and Casualty Insurance Company was that the bond was not for "payments" or "back alimony." Upon those conditions, the agreement to act as surety was entered into. The same intention must be ascribed to the court, having approved the bond and its conditions of payment.

█ Equally dispositive of the issue before us is our conclusion that the trial court was without jurisdiction to require a bond to secure alimony or support payments. Divorce actions are wholly statutory. Moore v. Moore, 101 Ariz. 40, 415 P.2d 568 (1966); Rozboril v. Rozboril, 60 Ariz. 247, 135 P.2d 221 (1943). In the absence of legislation in this jurisdiction empowering the superior

court to require a husband to post a security bond to discharge alimony or support payments, any such action is void as without jurisdiction. See Erden v. Erden, 120, 10 N.Y.S.2d 330, 333 (1953), Carter v. Carter, 164 So.2d 219 (Fla.App.1964) and Riley v. Riley, 131 So.2d 491 (Fla.App.1961) in which the granting and enforcement of security for alimony payments is recognized as a statutory remedy. See also, 27B C.J.S. Divorce § 274c at 176; 24 Am.Jur.2d, Divorce and Separation, § 728 at 833; and Annotation, 165 A.L.R. 1243.

The decision of the Court of Appeals is vacated and the order of the Superior Court is reversed with directions that the bond proceeds be paid to the State of Arizona.

STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.

NOTE: Chief Justice ERNEST W. Mc-FARLAND, having announced his disqualification, did not participate in the determination of this matter.