485 P.2d 560

**Eddie Lou ACHESON, Appellant,**

**v.**

**Richard M. ACHESON, Appellee.**

**No. 10322.**

Supreme Court of Arizona,
In Division.
May 28, 1971.

Raineri, Raineri, & Raineri, by Joseph C. Raineri, Sr., Scottsdale, for appellant.

Minne & Sorenson, by Harold E. Whitney, Phoenix, for appellee.

UDALL, Justice:

Plaintiff, Eddie Lou Acheson, brought an action against her husband, Richard M. Acheson, seeking a decree of divorce on grounds of cruel and inhuman treatment. The defendant husband filed an answer and by counterclaim alleged similar grounds of misconduct on the part of the plaintiff and asked for divorce. The action was tried before the court without a jury. Judgment was entered granting the decree of divorce and ordering the defendant to pay the plaintiff's attorneys' fees in the amount of $1,312.00 and to pay the plaintiff $5,-000.00 as reimbursement for debts and expenses, medical and otherwise, which she had incurred. The divorce decree made no provision for alimony. On appeal, plaintiff's only contention is that the trial court abused its discretion in not granting her an award of alimony.

The parties in the case before us first met in 1963, in a Phoenix restaurant and bar where the plaintiff was employed as a waitress. They developed a friendship which ultimately led to their marriage in October, 1965, and soon thereafter they moved to Prescott. Each of them had been married twice before. The plaintiff quit her job sometime prior to the marriage and has not worked since, apparently in part because of certain physical infirmities which required considerable medical care and some hospitalization during marriage. The defendant husband was formerly in the sign business but has been retired for some 10 years because of an arthritic condition. Prior to the marriage he inherited considerable property from his father, and this property apparently was the primary source of income for the parties during their marriage. The parties separated in June, 1968, and the plaintiff filed this action in August, 1968. Trial before the court was held on April 25, 1969, and the formal judgment granting the decree of divorce was entered on June 16, 1969. The defendant was 53 years old at the time of the divorce; the plaintiff was 41. No children were born of the marriage.

As is discussed in greater detail hereafter, an examination of the record reveals an absence of corroborating evidence of the misconduct which was alleged by the parties as grounds for the divorce. Since such corroborating evidence is required by statute, we must hold that the trial court was without jurisdiction to grant a divorce and that the judgment entered by the trial court

is therefore void. The judgment of the trial court is accordingly reversed and the cause remanded for a new trial. At the new trial the court may consider anew the question of alimony.

■ To demonstrate our basis for the above holding, we first note that the trial court in the instant case granted a "Brown Decree"—i. e., granted the decree of divorce without specifically granting the decree to either party. This form of divorce decree was first sanctioned by this Court in Brown v. Brown, 38 Ariz. 459, 300 P. 1007 (1931), and has been approved by this Court in a number of decisions since that time. See Hemphill v. Hemphill, 84 Ariz. 95, 324 P. 2d 225 (1958); see also 133 A.L.R. 556. However, such a decree may be granted *only* where both parties have established satisfactory legal grounds for divorce. Moore v. Moore, 101 Ariz. 40, 415 P.2d 568 (1966). In the Moore case the trial court made a finding that neither the plaintiff nor the defendant established by satisfactory evidence their grounds for divorce, but in spite of that finding the trial court granted a "Brown Decree" dissolving the bonds of matrimony. As the basis for holding that the trial court was without jurisdiction under these circumstances to award a decree of divorce, we stated:

"The right to a divorce is wholly statutory and the legislature may make any grounds it sees fit a cause for divorce. Rozboril v. Rozboril, 60 Ariz. 247, 135 P.2d 221. The legislature has by A.R.S. § 25–312, provided ten grounds for divorce. It has not provided that the divorce may be granted where one of the statutory grounds has not been established or at the discretion of a superior court judge because he might think the parties would be better off as single persons. We said, in Smith v. Smith, 61 Ariz. 373, 149 P.2d 683:

" 'We observe that both parties ask to be given their freedom from the other. That may not be done except upon a ground provided by the statute.'

"The trial court was wholly without jurisdiction under the circumstances of this case to award a divorce and its judgment is void * * *." 101 Ariz. 40 at 41; 415 P.2d 568 at 569.

As indicated above, A.R.S. § 25–312 provides ten grounds for divorce. The parties in the instant case relied on the second of those grounds. The statute provides as follows:

"§ 25–312. *Grounds.*

A divorce from the bonds of matrimony may be granted:

\*　\*　\*　\*　\*　\*

2. When the husband or wife is guilty of excesses, cruel treatment or outrages toward the other whether by the use of personal violence or other means."

In the instant case, both parties in their pleadings alleged grounds of cruel and inhuman treatment on the part of the other. Also, each party denied the allegation of cruel and inhuman treatment made by the other. Thereafter in a pre-trial agreement, the parties made the following stipulation:

"II.　Uncontested facts:

1.　That the parties married.

2.　*That the parties are entitled to a Brown Decree.*

3.　She can have her name restored.

4.　No children." [Emphasis added.]

The stipulation that the parties were "entitled to a Brown Decree" was apparently an attempt to eliminate the need for presenting evidence as to whether grounds existed for the divorce. On this point, the wife's reply brief contains the following statement:

"If this Court will examine the transcript of the testimony of the parties before the Court, it will find that *there is not one bit of evidence relating to the conduct of either of the parties, the reason being that both parties had stipulated to*

*a Brown Decree.* The purpose of the stipulation was to shorten the trial. Counsel for the wife, at least, entered into such a stipulation because he fully realized that the matter of who was at fault had no bearing on whether or not the wife was to receive alimony.

\*  \*  \*  \*  \*  \*

"The husband on pages 3 and 4 of his brief states that the wife intimates in her brief that she was the successful party. It is difficult to perceive what basis there would be for such a statement as there could be no successful party with no evidence having been adduced. *The husband further states that the decree was a 'Brown Decree' because there was evidence before the Court that both parties contributed to the destruction of the marriage. We again reiterate that this statement is incorrect, inasmuch as there was no evidence whatsoever, presented before the Court at the trial of this matter. The only evidence presented was that relating to the wife's needs and as to the financial condition of the husband.*" [Emphasis added.]

We have reviewed the entire record on appeal, including the depositions and the exhibits attached thereto. It is apparent that the evidence presented was directed almost exclusively toward the issue of the financial circumstances of the parties. As a result, there was very little evidence relating to the issue of whether grounds existed for the divorce. The plaintiff and defendant, in their testimony, occasionally made an accusation or an admission regarding the misconduct alleged in the pleadings as grounds for the divorce. Other than these isolated comments, however, their testimony was directed entirely toward the issue of her needs and his ability to pay. The only other person to testify was the husband's banker, and his testimony was restricted to matters involving the husband's financial dealings with the bank.

■ To sustain a judgment of divorce, corroborating evidence is required as to all material allegations. A.R.S. § 25–317 provides as follows:

"§ 25–317. *Proof required of allegations by complainant in divorce action; parties as witnesses.*

A. In an action for divorce the defendant shall not be compelled to answer upon oath, nor shall the complaint be taken as confessed for want of an answer, but *the judgment of the court shall be rendered upon full and satisfactory evidence sustaining all material allegations of the complaint.*

B. Either party may be a witness, but *no divorce shall be granted upon the testimony or admissions of a party unless they are corroborated by other evidence.*" [Emphasis added.]

In interpreting this statute, we have held that the purpose behind the requirement of corroboration is to prevent collusion between or connivance by the parties to secure a divorce upon simulated or false grounds. Hemphill v. Hemphill, 84 Ariz. 95, 324 P.2d 225 (1958). In Lawson v. Lawson, 88 Ariz. 352, 356 P.2d 701 (1960), we further stated:

"Where a divorce is much contested, and it is apparent that collusion does not exist, the rule is often relaxed. Lundy v. Lundy, 23 Ariz. 213, 202 P. 809. In such cases, only slight corroboration is necessary. Hemphill v. Hemphill, 84 Ariz. 95, 324 P.2d 225. \* \* \* We recognize and approve these principles. We recognize also that the trial court had the advantage of seeing the parties and the witnesses, and we are most reluctant to disturb its judgment, especially where it affects marital status. *Nevertheless, the quoted statute still has force and meaning; corroboration, however slight, is still necessary in every case of divorce, however hotly contested.*" 88 Ariz. 352 at 353; 356 P.2d 701 at 701–702. [Emphasis added.]

■ Earlier in this opinion we pointed out that, in order for a "Brown Decree" to be valid, it is necessary that both parties establish satisfactory legal grounds for the

divorce. We also noted that in establishing such grounds, it is necessary, under A.R.S. § 25–317, to present corroborating evidence as to all material allegations. In the instant case, the parties in their pleadings alleged grounds of cruel and inhuman treatment, but the record reveals no corroborating evidence sufficient to meet the requirements of A.R.S. § 25–317. This situation apparently developed because the parties in their pre-trial agreement stipulated that they were both "entitled to a Brown Decree" and then presented evidence directed almost exclusively toward the issue of the financial circumstances of the parties. In effect, then, the parties attempted to obtain a divorce by mere mutual agreement, an approach which has clearly not been authorized by the legislature.

Because of the lack of corroborating evidence, the parties in the instant action failed to establish satisfactory legal grounds for divorce. Under these circumstances the trial court was without jurisdiction to grant a divorce and the judgment entered by the trial court is therefore void. The judgment of the trial court is accordingly reversed and the cause remanded for a new trial. At the new trial the court may consider anew the question of alimony.

Reversed and remanded.

STRUCKMEYER, C. J., and CAMERON, J., concur.