495 P.2d 156

**Mildred EYER, Appellant,**

v.

**Harold EYER, Appellee.**

No. I CA–CIV 1467.

Court of Appeals of Arizona,
Division 1,
Department B.

April 3, 1972.

Walters & Haien, by Keith A. Haien, Herbert Mallamo, Phoenix, for appellant.

Harold R. Scoville, R. J. Cruse, Phoenix, for appellee.

EUBANK, Judge.

This appeal is from a divorce action and questions the trial court's lump sum alimony award and the determination that the

husband's "pension plan" was not community property.

The plaintiff-appellant-wife, and the defendant-appellee-husband, were married in 1943, at San Antonio, Texas. At the time of the marriage, the plaintiff was 17 years of age and left high school without graduating and the defendant was 20 years old and an employee of Colorado Fuel and Iron Company, hereinafter CF&I. There were four children born to the marriage. All of them, except one, were emancipated prior to the filing of the complaint.

The defendant had been employed by CF&I continuously for 29 years and 3 months at the time of the first hearing in this case. The first hearing was held to determine whether the parties were entitled to a divorce and to determine the division of the community property. A second hearing was held to determine whether there was any community interest in the pension plan provided defendant by CF&I. The first hearing resulted in the trial court granting a divorce to each (Brown decree) [1] and distributing the family home, household furniture, the family car, and a life insurance policy to the wife, and the apartment complex, United States Savings Bonds, 20 shares of stock, a coin collection, various life insurance policies and $2,177.76 in cash to the husband. Plaintiff was also awarded custody of the minor child together with $150 per month child support and alimony in the lump sum of $12,600, payable in monthly installments of $300.

The second hearing, on the question of whether there was any community interest in the pension plan of CF&I, resulted in a judgment that there was no community interest in the plan. Plaintiff appeals from both determinations.

Initially we note that A.R.S. § 25–317, subsec. B requires that corroborating evidence must be presented before a divorce can be granted. The wife's complaint for divorce alleges as grounds "excesses and outrages" under A.R.S. § 25–312, subsec. 2. The husband's answer, containing a counterclaim, alleges "cruel treatment" by plaintiff under the same section of the statute. At the trial of the matter plaintiff called a witness who testified as follows:

"A  He was about the same as most of the other husbands. I didn't see any different type of behavior. He wasn't home too much, he traveled a lot. I didn't see as much of him as I did Mrs. Eyer and the children.

"Q  To your knowledge, were these people getting along all right?

"A  We thought so.

"Q  Did you ever hear of any upset or disturbance in the family?

"A  No. No, it came as rather a shock to us when they decided to separate."

On cross-examination the same witness testified as follows:

"Q  And you told us that insofar as you observed, that his conduct was about the same as other husbands in your social acquaintanceships, business acquaintanceships, is that right?

"A  That's right.

"Q  I think you mean by that, that generally he conducted himself reasonably, fairly?

"A  Any time we have been around him, he has always been a gentleman and conducted himself very nicely."

This was the extent of plaintiff's corroborating evidence. The defendant introduced no corroborating evidence to support his counterclaim.

■  Our Supreme Court has held that the absence of corroborating evidence supporting the grounds of the divorce requires a reversal. In Acheson v. Acheson, 107 Ariz. 235, 485 P.2d 560 (1971), the court said:

"Since such corroborating evidence is required by statute, we must hold that the trial court was without jurisdiction to grant a divorce and that the judgment entered by the trial court is therefore void." (107 Ariz. at 236, 485 P.2d at 561).

---

1.  Brown v. Brown, 38 Ariz. 459, 300 P. 1007 (1931).

The reasoning of the Acheson case is that since the trial court awarded a "Brown decree", it was necessary that both parties establish their legal grounds for a divorce, and that since divorce is a creature of statute and A.R.S. § 25–317, subsec. B requires corroboration of the grounds for divorce, the lack of proof thereof by *either* or both parties renders the granting of a "Brown decree" invalid.

 We hold therefore that the trial court in this case committed reversible error by granting a "Brown decree",[2] and for that matter committed reversible error by granting any decree at all without having corroborating evidence before it. Since the case must be retried, as in Acheson, the trial court may reconsider all of the issues raised.

This matter is reversed and remanded for a new trial.

HAIRE, P. J., and JACOBSON, J., concur.

---

2. *But cf.*, Jizmejian v. Jizmejian, 16 Ariz.App. 270, 492 P.2d 1208 (1972).