## Pater v. Pater
*[Cite as 7 AOA 22]*

*Case No. C-890553*
*Hamilton County, (1st)*
*Decided October 24, 1990*

Don C. Bolsinger, Bolsinger & Brinkman, 105 East Fourth Street, Suite 1520, Cincinnati, Ohio 45202, for Plaintiff-Appellee.

Dominic J. Mastruserio, Dominic J. Mastruserio Co., L.P.A., 306 East Fourteenth Street, Cincinnati, Ohio 45202, for Defendant-Appellant.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Domestic Relations Division of the Hamilton County Court of Common Pleas, the transcript of the proceedings, and the briefs and arguments of counsel.

This appeal arises from the order of the trial court granting a divorce to plaintiff-appellee, Robert Pater, from defendant-appellant, Jennifer Pater, and awarding custody of their son to Robert. We find no merit in the two assignments of error raised by Jennifer on appeal. We, therefore, affirm the judgment of the trial court.

Robert and Jennifer were married on July 21, 1984, in a Roman Catholic church. At that time, both were practicing Catholics. On July 9, 1985, their son Bobby was born. He was subsequently baptized in the Catholic Church, and Robert and Jennifer agreed to raise him in the Catholic faith.

In February or March 1986, Jennifer stopped going to the Catholic Church. In November 1986, she became a member of Jehovah's Witnesses. During this time, she stopped going to family gatherings and she refused to celebrate any holidays. Jennifer and Robert started sleeping in separate rooms and communications between the two of them deteriorated. Bobby started making statements that the Catholic Church and Christmas were "bad" and that he was confused. On January 19, 1988, Robert filed a complaint for divorce. The trial court granted the divorce and awarded Robert custody of Bobby.

In her first assignment of error, Jennifer contends that the trial court erred in awarding custody of Bobby to Robert. She argues that the trial court unconstitutionally based its decision on the religious preferences of the parties.

A trial court must consider what is in the best interests of the child when determining which parent will receive custody after a divorce. R.C. 3109.04(A). In determining the best interests of the child, the court must consider all relevant factors, including the following:

"(1) The wishes of the child's parents regarding his custody;

"(2) The wishes of the child regarding his custody if he is eleven years of age or older;

"(3) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;

"(4) The child's adjustment to his home, school, and community;

"(5) The mental and physical health of all persons involved in the situation." R.C. 3109.04 (C). The court may also consider the religious practices and beliefs of the parents. *Birch v. Birch* (1984), 11 Ohio St. 3d 85, 463 N.E.2d 1254.

The trial court has broad discretion in determining matters of custody and its decision may be reversed only upon a showing of abuse of that discretion. *Baxter v. Baxter* (1971), 27 Ohio St. 2d 168, 271 N.E.2d 873. To establish an "abuse of discretion" it must be shown that the court's decision is unreasonable, arbitrary or unconscionable. *Martin v. Martin* (1985), 18 Ohio St. 3d 292, 480 N.E.2d 1112.

Jennifer claims that the trial court's decision was arbitrary and therefore an abuse of discretion because it was based solely on the religious beliefs of the parties. The record does not support this claim. Instead, the record establishes that the trial court repeatedly stated that it was attempting to determine what was in the best interests of the child. The evidence presented to the trial court indicated that both Jennifer and Robert were "good" parents. However, if Jennifer were granted custody the child would be less likely to receive proper medical attention, obtain a college education, or participate in social activities at school or with Robert's family. In addition, the child's relationship with his father would be more likely to be severely damaged as a result of Jennifer's belief that the Catholic Church and Christmas are "bad" and that non-Witnesses are evil.

The trial court considered the factors in R.C. 3109.04(C) and other relevant factors and then awarded custody of Bobby to Robert. On the state of the record before us, we cannot say that this decision constituted an abuse of the trial court's discretion in determining matters of custody. See *Klamo v. Klamo* (Nov. 21, 1988), Butler App. No. CA88-02-024, unreported. Therefore, the first assignment of error is overruled.

In her second assignment of error, Jennifer contends that the trial court improperly granted Robert's request for a divorce. Robert filed for divorce under R.C. 3105.01(D) and (F), alleging that Jennifer was guilty of extreme cruelty and gross neglect of duty. In support of these allegations, Robert testified that Jennifer's conversion to the Jehovah's Witnesses disrupted and destroyed their family life by causing arguments and tension between the two of them.

Although a difference in the religious faith of a spouse does not constitute a ground for divorce, a religious conviction may induce a spouse to do things that would constitute a ground for a divorce. *Krauss v. Krauss* (1927), 163 La. 218, 111 So. 683. It is permissible for each spouse to have his or her own religious beliefs, but if one carries such beliefs to the extent of disrupting and destroying the family life, her conduct may constitute extreme cruelty. *Smith v. Smith* (1944), 61 Ariz. 373, 149 P.2d 683.

Gross neglect of duty and extreme cruelty as grounds for divorce depend upon the circumstances of each individual case. *Watkins v. Watkins* (May 5, 1989), Huron App. No. H-88-26, unreported. A trial court has broad discretion to interpret these terms and to determine the proper grounds for divorce, and such a finding will not be overturned in the absence of any showing that there was an abuse of that discretion. *Buckles v. Buckles* (1988), 46 Ohio App. 3d 102, 546 N.E.2d 950. In light of Robert's testimony, as corroborated by other witnesses, that the parties' home life was destroyed, we find that no abuse of discretion was shown. Robert's request for a divorce was, therefore, properly granted.

The judgment of the trial court is affirmed.

SHANNON, P.J., HILDEBRANDT and GORMAN, J.J.